## WILKERSON v. DEVONIAN OIL CO. et al.

No. 16629—Opinion Filed Feb. 2, 1926.

(Syllabus.)

**Master and Servant—Workmen's Compensation Law—Continuing Jurisdiction of Industrial Commission — Modification of Awards.**

The power and jurisdiction of the Industrial Commission over each case is continuing, and in the exercise of that power and jurisdiction it may, from time to time, make such modification or change with respect to a former finding or order as in its opinion may be just, and the jurisdiction of the Commission, after having once vested, over a claim, being continuing, it is authorized to make such order as in its judgment may meet the ends of justice, either upon its own motion or upon the motion of any interested party to rehear, vacate or modify.

Error from State Industrial Commission.

Action by W. F. Wilkerson, petitioner, against the Devonian Oil Company, Standard Accident Insurance Company, and the State Industrial Commission, respondents, to reverse an order of the Industrial Commission vacating an award of compensation. Order affirmed.

E. E. Heyl and Pennel & Harrison, for petitioner.

Randolph, Haver & Shirk and J. M. Winters, Jr., for respondents.

PHELPS, J. Plaintiff in error W. F. Wilkerson, while in the employ of the Devonian Oil Company, defendant in error, received an injury for which he filed claim with the Industrial Commission, and on December 24, 1923, was granted compensation in the sum of $228. And on February 11, 1925, he filed his motion with the Commission to re-open the cause and grant him further compensation, upon the grounds of a change in his condition. The motion was sustained, and on May 27, 1925, an order was entered granting him compensation in the sum of $1,344, for 74 weeks and 4 days, at the rate of $18 per week, and to continue during his disability, and on June 4, 1925, the Devonian Oil Company and its insurance carrier filed a motion for a rehearing, and on June 27, 1925, the Commission

entered its order vacating the order of May 27, 1925, and denying further compensation to plaintiff in error, from which order this appeal is prosecuted upon the grounds solely that the Industrial Commission was not authorized by law to vacate the order.

It is the contention of plaintiff in error that the Commission, having made an award to him for compensation, had no authority to set it aside upon the motion of defendant in error for a rehearing, and he cites as authority supporting this contention section 7296, Comp. Stats. 1921, reading as follows:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the Commission may at any time review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall state its conclusions of fact and rulings of law. * * *"

Plaintiff in error in his brief says:

"Since there is no request in the 'motion for rehearing' of respondents for the vacation or reversal of the order of June 27th [May 27th], then the only ground on which the Commission could vacate its own order on its own motion would be in a change of conditions, and since there is no allegation or evidence of the change in condition of the claimant, therefore, we maintain that the Commission was without authority or jurisdiction to enter the order of June 27th, taking away the compensation of the claimant."

Section 7325, Comp. Stats. 1921, provides that:

"The power and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings or orders relating thereto, as in its opinion may be just. * * *"

In view of this section of the statute, we are unable to follow the reasoning of counsel for plaintiff in error that a motion for rehearing would not justify the Commission in making the same order as would a motion to vacate or modify. In Whitehead v. State Industrial Commission, 86 Okla. 149, 207 Pac. 305. in the second paragraph of the syllabus, this court said:

"Under article 2. section 12, c. 246, Sess. Laws 1915. the State Industrial Commission is authorized, at any time, to review any award made by it upon its own motion or the application of any interested party upon the ground of change in condition. and the **jurisdiction of the Commission. after having once vested over a claim, is continuing.**"

Rule 30 promulgated by the State Industrial Commission provides that:

"Any party, or parties, aggrieved or dissatisfied with an award, order, or decision of the Commission, may at any time within ten days from the date of said award, order or decision, apply for a rehearing on the grounds that the Commission acted without, or in excess of its power; that the order, decision or award was procured by fraud; that the evidence does not justify the findings; that the applicant has discovered new evidence; that the findings do not support the order, decision or award."

We, therefore, have no difficulty in reaching the conclusion that, since the Industrial Commission had complete and continuing jurisdiction over the claim of plaintiff in error, it was authorized, if in its opinion justice would be done, to vacate and set aside the award made upon its own motion or upon the motion of any interested party to so vacate and set it aside, or upon defendants' motion for a rehearing, and as no error was thereby committed, the order is affirmed.

NICHOLSON, C. J., and HARRISON, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See Workmen's Compensation Acts C. J. p. 132 § 151; anno. L. R. A. 1916A, 147, 163; L. R. A. 1917D, 186; 28 R. C. L. p. 823; 4 R. C. L. Supp. p. 1868; 5 R. C. L. Supp. p. 1579.