**STATE ex rel. v. HOUSER et al.**

No. 17652—Opinion Filed July 31, 1926.

Rehearing Denied Sept. 21, 1926.

(Syllabus.)

**Counties—Proceedings of Board of Commissioners—Invalidity of Nunc pro Tunc Order Annulling Resolution Defining Boundaries of Commissioner's District.**

Courts and other judicial or quasi judicial bodies in this state may correct their records by nunc pro tunc order to speak the truth of transactions, of which the record purports to be, but a board of county commissioners has no authority to enter a nunc pro tunc order which vacates and annuls a resolution fixing the boundary lines of county commissioners' district, which had been entered of record a year prior thereto, such nunc pro tunc order being made without notice or hearing and after the term of one of the commissioners had expired and he had been succeeded by another, who did not participate in the passage of the original resolution. where there is no evidence or facts tending to show such records do not speak the truth.

Appeal from District Court, Garvin County; Charles C. Smith, Assigned Judge.

Action by State of Oklahoma ex rel. L. A. Reeves, W. B. Peterson, J. D. Bell, Henry Thompson, Jess Lam, T. H. Shores, and W. E. Oliver, against W. H. Houser, W. O. Williams, and W. L. Farmer, as members of and constituting the County Election Board of Garvin County, for writ of mandamus. Writ denied. and plaintiffs appeal. Reversed and remanded.

Mac Q. Williamson, for plaintiffs in error

Bowling & Farmer and Blanton, Osborn & Curtis, for defendants in error.

PHELPS, J. On June 30, 1925, the board of county commissioners of Garvin county passed a resolution and order fixing the boundaries of county commissioners' district No. 1 of Garvin county, which resolution and order is as follows:

"In re Re-establishing County Commissioners' Districts in Garvin county, Oklahoma.

"Be it Resolved by the Board of County Commissioners of Garvin county, Oklahoma:

"That township government within Garvin county, Oklahoma, has heretofore been abolished. and the board of county commissioners of Garvin county, Oklahoma, is discharging the duties of the township officials, and;

"Whereas. there are now six townships within the limits of said county, consisting

of Stratford, Walker, Brady, Elmore, White-bead and Lindsay townships, and;

"Whereas, Whitebead township is now and has been for the last six or seven years located in both number 1 and number 2 and 3, commissioners' districts of said county, and;

"Whereas, the expenditure of funds belonging to the certain townships where same is located in separate commissioners' districts is somewhat confusing, and it appearing to the board of county commissioners that for best interests of all concerned only two townships should be within the limits of one commissioners' district;

"Now, therefore, said board of county commissioners hereby declare and determine the south boundary line of commissioners' district No. 1, Garvin county, Oklahoma, to be the same as the south boundary line of Whitebead township and to include all the area contained in both Lindsay and Whitebead townships. Motion made by Ernest Kimberlin, seconded by S. M. Muse, that the above resolution be passed,

"S. M. Muse, Chairman,
"Ernest Kimberlin,
"T. H. Rice.

"Attest:
"R. Roquemore, County Clerk."

On June 28, 1926, the board of county commissioners of Garvin county, the personnel thereof having changed in that T. H. Rice's term had expired and he was succeeded by C. A. Rotenberry, entered upon their records the following order:

"Moved by S. M. Muse and seconded by C. A. Rotenberry that the record of the meeting of this board and its action thereon with reference to the re-establishment of the commissioners' districts on the 30th day of June, 1925, in the following form, to wit:

" 'Motion by Ernest Kimberlin, seconded S. M. Muse, that resolution re-establishing commissioners' district be approved,

" 'Vote
" 'Ernest Kimberlin,       Yes
" 'S. M. Muse,              Yes
" 'T. H. Rice,              Yes
" 'Motion carried'

—be corrected so as to speak the truth and to show and disclose now for then that the said resolution re-establishing the commissioners' districts was presented, but that the same was not voted upon or said question carried, and that the said record above set forth, purporting to be a motion made by Ernest Kimberlin, and seconded by S. M. Muse, and the vote thereon, that said commissioners' district be re-established be expunged from the record as erroneous and not correct, and that the clerk enter in lieu thereof the following as the proper minutes of said board with respect to said resolution:

" 'A resolution re-establishing commission-

ers' districts was presented by Ernest Kimberlin, and that no vote by the commissioners was had thereon, and that said resolution was not carried or approved.'

"Thereupon, said motion was put and the vote of the commissioners was as follows:

"(Signed)   Ernest Kimberlin,      Yes
"           S. M. Muse,            Yes
"           C. A. Rotenberry,      Yes

"Thereupon said * * * motion * * * was declared carried by the Chairman.

"(Endorsed)   Resolution
"Filed June 28, 1926.

"R. Roquemore, County Clerk.
"Approved June 28, 1926.
"Ernest Kimberlin, Chairman."

On July 16, 1926, the plaintiffs in error, who were plaintiffs below, filed their petition in the district court of Garvin county, alleging that they were qualified electors in various precincts of the county, and that the defendants, constituting the election board of Garvin county, were having the ballots printed for use in the primary election to be held on August 3, 1926, and in the preparation of such ballots had left off of such ballots the names of candidates for county commissioners in six different voting precincts embraced within the first commissioners' district as defined by the resolution and order of the board of county commissioners of June 30, 1925, and prayed for a writ of mandamus requiring the election board to place such names upon the ballots in said precincts. An alternative writ of mandamus was issued and the defendants made answer and return thereto, claiming, in substance, that the records showing that the resolution and order was made by the board of county commissioners on June 30, 1925, were incorrect and such order and resolution had been vacated and set aside by the subsequent nunc pro tunc order of said board made on June 28, 1926, and that because of the vacation of such resolution and the expunging the same from the records of the commissioners' proceedings, the six voting precincts in question were not embraced within commissioners' district No. 1.

With the issues thus joined, the case was called for trial, and plaintiffs offered in evidence the resolutions and orders of the board of county commissioners as above set out. Plaintiffs then offered to prove by T. H. Rice, who was a member of the board of county commissioners when the original resolution and order was passed, that he was present at the meeting of said board on June 30, 1925, and that the resolution, in writing, was presented and that upon motion of Commissioner Kimberlin, seconded by Commissioner

Muse, a vote was immediately had, and that all three commissioners voted affirmatively and unanimously in favor of said resolution, which resolution was then handed to the clerk in typewritten form and filed. They further offered to prove by the county attorney of Garvin county that at the request of Commissioner Kimberlin such county attorney prepared the resolution in question, and that several times after the passage of such resolution Commissioners Kimberlin and Muse had several conversations with such county attorney, in which they requested him to suggest some theory, method, or manner whereby such resolution could be declared void and the force and effect thereof be abrogated, and upon being informed that he knew of no way they could undo their official acts they sought the advice of other counsel. They further offered to prove by the county clerk and also the deputy county clerk that at the time the original resolution was passed all three commissioners were present, and when the resolution was presented they all voted affirmatively thereon and attached their signatures thereto.

The court sustained defendants' objection to the introduction of this testimony, and with the orders and resolutions passed by the board as the only evidence introduced in the case plaintiffs rested. Defendants declined to introduce any evidence, and the trial court rendered its judgment discharging the alternative writ formerly issued, and rendered judgment for the defendants, from which plaintiffs appeal.

It will thus be seen that the sole question for us to determine here is whether the board of county commissioners had jurisdiction and authority, under the circumstances, to vacate the original resolution by the adoption of the subsequent one.

Defendants in error state in their brief that the trial court held:

"That the county commissioners had the power to correct the record by nunc pro tunc order in the same manner as other courts, and that when the record was corrected by a nunc pro tunc order the original order was suspended and amended so far as it conflicts with the nunc pro tunc order, and counsel for plaintiffs in error frankly concede that if the court was right in this conclusion, that then the plaintiffs in error cannot maintain this action."

They cite numerous authorities holding that courts, generally, have authority to correct their records by nunc pro tunc orders to show the truth of their proceedings. The law on that question is so well settled that

the citation of authorities or discussion of the reasons for the rule is useless.

They also cite authorities supporting their contention that the board of county commissioners, being a quasi judicial body, have the same power and authority to correct their records by nunc pro tunc orders as other courts, but it is contended by plaintiffs in error that in the instant case this was not, in fact, a correction of the records to make them speak the truth, but an unauthorized and arbitrary adoption of a resolution substituted for and repealing the original resolution, and a careful examination of the record leads us to the conclusion that such contention is meritorious. We are not unmindful of the rule that the legal presumption is in favor of the correctness of the records as they now stand, but such presumption cannot be indulged when it leads to an absurd conclusion, and we can indulge no such presumption where, as in this case, the personnel of the board having changed as to one of its members, and after the lapse of a year's time and without notice or hearing of any kind or character, without evidence or anything upon which to predicate it, except the mere pleasure of those who constitute the board, a nunc pro tunc order is entered, which, in effect, repeals the original resolution and makes the records speak that which there is no evidence to show ever existed. In other words, if the board of county commissioners has authority to correct its records, by nunc pro tunc order, to speak the truth, it must be shown that such order has support in the truth and must not be an arbitrary order designed to merely make such record show that which never did exist.

It is further argued in the briefs of defendants in error that to grant the writ at this time would cause confusion in holding the election in Garvin county. It occurs to us, however, that it would be but little difficulty to yet prepare ballots and have them in the hands of the election officers of the six precincts in time for use on August 3rd. Whatever that situation may be. however, the matter is before us for disposition, and we feel it our duty to dispose of it according to law. as we view it, regardless of any possible confusion which such disposition may entail.

Viewing the whole record, we reach the conclusion that the district court erred in rendering judgment for defendants, and the same is reversed, and the cause remanded, with instructions to the trial court to issue the writ prayed for.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON and LESTER, JJ., concur.

Note.—See 15 C. J. p. 471, §123.