### W. B. HERROD v. EDDIE MILL & ELEVATOR CO. et al.

No. 17299—Opinion Filed Sept. 28, 1926.

(Syllabus.)

**Master and Servant — Workmen's Compensation Law—Rehearings—Finality of Decision on Facts.**

By reason of section 7318, C. O. S. 1921,

the Industrial Commission is authorized to make rules governing the procedure of said Commission. Rule 30 of said Commission provides that a motion may be filed within ten days by a respondent or insurance carrier to review the record taken on application for an award and to vacate the award theretofore entered. On reviewing the record on such motion, if the Commission reaches the conclusion that its former order was not sustained by the evidence, it has the power and authority to vacate the same and its conclusions are final as to all questions of fact, where there is any evidence to sustain them.

Original action in Supreme Court by W. B. Herrod to vacate judgment of the State Industrial Commission which, on rehearing, vacated former award of workman's compensation against the Eddie Mill & .Elevator Company et al. Affirmed.

Robert W. Maupin, for petitioner.

Cheek & McRill, for respondents.

BRANSON, V. C. J. W. B. Herrod seeks in this court to vacate and reverse an order of the State Industrial Commission. The order was entered March 4, 1926, in the matter of his claim against the Eddy Mill & Elevator Company, as respondent, and the New Amsterdam Casualty Company, as insurance carrier, in which the Commission denied his prayer for compensation for the reason, as the Commission found, that the claimant did not sustain an accidental injury arising out of and in the course of his employment with the respondent, and, further, that the disability of which the claimant complains was not the result of an accidental injury.

Prior to the date of said order and on the 22nd day of January, 1926, an order had been entered in which the Commission had found that the respondent was engaged in the operation of a hazardous industry subject to the provisions of the Workmen's Compensation Act; that the claimant was employed in manual and mechanical labor incident to said hazardous position, and that while so employed the claimant sustained an accidental personal injury arising out of and in the course of his employment, and that as a result thereof the claimant became paralyzed in the left arm and left leg, and further ordered that an award be made and that respondent or insurance carrier pay to claimant $225.33, the same being 28 weeks and one day's compensation at the rate of $8 per week, and that said payments be continued until the termination of the disability or until otherwise ordered by the Commission, and that

the medical expense incurred by the claimant as a result of said injury be paid.

Thereafter and prior to the 28th day of January, respondent and insurance carrier moved that said order be set aside for the reason that the same was not sustained by the evidence, and that there was no evidence to support the finding and order, and further that the said order was not made by the Commission, but by one member thereof alone, and not signed by the Commission, and further that the order was of no force and effect because it was not made by two or more members of the State Industrial Commission.

On the 28th day of January, 1926, an order was entered by the State Industrial Commission sustaining the said motion and vacating the order of the 22nd of January, 1926, in order that the Commission might have an opportunity to review the record and make such order as the same warranted.

Thereafter, and on the date first above mentioned, the order here sought to be reversed and vacated was entered. The order specifically finds that the claimant was in the employ of the respondent and engaged in a hazardous occupation; that he was unloading and stacking sacks of grain; that he had unloaded four sacks which weighed approximately 100 pounds each and had gone back to his truck for another sack and as he took hold of the sack a numb or dead feeling came over his left shoulder and that claimant found that he could not grasp the sack. The following morning the claimant sought the services of a physician, and that thereafter his left leg became partially paralyzed and that said paralysis was and is the result of a disease known as cerebrial arterial thrombosis and that claimant did not sustain an accidental injury arising out of and in the course of his employment with the respondent.

The order denying the compensation prayed was the result of this finding.

The claimant in his brief takes the position that the State Industrial Commission had no power to vacate the order made January 22, 1926, and to review the record in the cause and enter the judgment March 4, 1926. He contends that the opinion of this court in the case of Ward v. Beatrice Creamery Company, 104 Okla. 91, 230 Pac. 872, sustains his position on this question. An examination of the case referred to shows that the court was discussing the review by the Supreme Court of the final award of the Industrial Commission, and

was not dealing with the question as to the power of the Commission to vacate and set aside its own orders when a motion is filed within ten days as provided by section 7318, C. O. S. 1921, and rule 30 promulgated by the Industrial Commission under authority of said section. The said rule 30 provides in part:

"Any party or parties aggrieved or dissatisfied with an award, order or decision of the Commission may at any time within ten days from date of said award, order or decision apply for a rehearing on the grounds that the Commission acted without, or in excess of its power. * * * That the evidence does not justify the findings. * * * That the findings do not support the order, decision or award."

The case from this court principally relied upon for relief is the case of Beck Mining Company et al. v. State Industrial Commission, 88 Okla. 34, 211 Pac. 69. In that case the claimant had a stroke of apoplexy while doing hard manual labor in the course of his employment for the respondent. The evidence in that case of medical experts showed that the character of the labor was a contributing cause to the stroke. In the instant case, the testimony of the physicians introduced in the record is to the effect that the injury complained of was what is known as hemiphegia and that the character of work being done by the claimant was not a contributing cause to the condition of partial paralysis of which he complains. That the injury or condition of the claimant was not accidental injury arising out of and in the course of his employment by the respondent is, we think, the proper finding under the evidence before it.

The judgment of the Commission cannot be disturbed.

NICHOLSON, C. J., and MASON, PHELPS, and RILEY, JJ., concur.

Note.—See C. J. p. 114, §109 (Anno); p. 117, §115 (Anno); p. 122, §127.