## LIDDELL v. STATE INDUSTRIAL COMMISSION et al.

No. 17013. Opinion Filed Sept. 13, 1927.

(Syllabus.)

1. Master and Servant—Workmen's Compensation Law—Continuing Jurisdiction of Industrial Commission to Modify Orders.

The power and jurisdiction of the Industrial Commission over each case is continuing and in the exercise of that power and jurisdiction it may, from time to time, make such modification or change with respect to a former finding or order as in its opinion may be just, and the jurisdiction of the Commission, after having once vested, over a claim, being continuing, it is authorized to make such order as in its judgment may meet the ends of justice, either upon its own motion or upon the motion of any interested party to rehear, vacate, or modify.

Wilkerson v. Devonian Oil Co., 114 Okla. 84, 242 Pac. 531.

2. Same—Review by Supreme Court—Conclusiveness of Findings of Fact.

The law is now well settled in this state that in a proceeding in this court to review an order of the State Industrial Commission, such proceeding is to review errors of law and not of fact. The finding of facts by the Industrial Commission is conclusive upon this court, and will not be reviewed by this court where there is any competent evidence in support of same. Thomas v. Ford Motor Co., 114 Okla. 3, 242 Pac. 765.

3. Same—Order of Commission Reversing Previous Order.

An order of the Industrial Commission, although in direct variance with an order in the same cause previously made, has the same legal effect as an original finding of the Industrial Commission, although made without any additional evidence being introduced and without any change in the conditions being shown; provided, either party applies for a rehearing as provided in Rule 30 of the Industrial Commission. And if said order is supported by sufficient competent evidence, the same will not be disturbed by this court.

4. Same—Order of Commission Sustained.

Record examined, and evidence found sufficient to support findings of Industrial Commission.

Commissioners' Opinion, Division No. 1.

Error from State Industrial Commission.

Original action by Jack Liddell against the State Industrial Commission, the Superior Smokeless Coal & Mining Company, and the London Guarantee & Accident Company, Limited, to vacate an order of the State Industrial Commission made on October 31, 1925. Affirmed.

E. C. Marianelli, for petitioner.

Burford, Miley, Hoffman & Burford, for respondents.

FOSTER, C. This cause is to review the action of the State Industrial Commission refusing the petitioner an award under the Workmen's Compensation Act of the state of Oklahoma.

The material facts as shown by the record are, substantially, as follows:

On January 3, 1925, Jack Liddell, petitioner, while employed by the Superior Smokeless Coal & Mining Company, according to his own testimony, received an injury while driving a mule in one of the mines of said company at Tahoma, Okla.; that the accident occurred about three o'clock

in the afternoon on said date, as a result of mud and water which was thrown into his eye when the mule he was driving stepped into a hole of water in the mine containing certain mineral substance; that when he left the mine about four o'clock he told Mr. Hurbert, the foreman of the mine that, "I pretty near got my eye put out." This was on Saturday, January 3rd, and petitioner did not appear for work the following Monday. On January 6th he called Dr. Miner, a local physician, who examined him and pronounced his trouble as what is known as conjunctivitis (which apparently, from the record, is a trouble caused by a foreign substance getting into the eye). After a day or so Dr. Miner advised him to go to a specialist at Fort Smith, Ark., which he did. Dr. Dorente, a specialist at Fort Smith, treated him for some time and his eye continued to get worse until on February 14, 1925, he entirely lost the vision in his left eye. He filed a claim with the Industrial Commission about March 1, 1925.

There was testimony of other witnesses introduced by respondent to the effect that Liddell, on January 4th and 5th, complained of a swelling in his face and an aching in his chest and of not being able to work, but said nothing about the trouble with his eye. It was admitted that he applied liniment to his face a day or two after the injury, and that he sat before a fire until his face became very irritated. There is also testimony that claimant had erysipelas.

Both the local doctor and the specialist testified that they treated Liddell, and the substance of their testimony is to the effect that his trouble could have been caused by the splashing of the mud into his eye and that it could have been caused from other sources. Dr. Dorente, specialist at Fort Smith, was first of the opinion that it was caused from erysipelas, but later concluded that he did not know the cause. However, he testified when Liddell came to him that his trouble was entirely masked.

There was also some testimony introduced by petitioner corroborating his statement that he informed the foreman of the company on the evening of January 3, 1925, that he had almost lost his eye, and also some testimony about sending word about his eye trouble on Monday or Tuesday following the alleged accident.

The foreman of the company, however, denies positively that Liddell ever notified him on January 3rd about getting a substance in his eye, or that he had any other notice until Liddell returned from Fort Smith. The superintendent of the company also testified that he had no notice of the alleged injury until about the first of March.

These facts were presented to the Commission at a hearing conducted by H. C. Myers at Poteau, and also by depositions submitted. After receiving all the reports and testimony, the Commission, on October 6, 1925 (some six months after the hearing held at Poteau), entered an order which is, in substance, as follows:

That on and prior to January 3, 1925, respondent was engaged in operating a hazardous industry covered by the Workmen's Compensation Law; that the claimant was employed by respondent and that on said day claimant sustained an accidental injury arising out of, and in the course of, his employment, and as a result thereof lost the total and permanent use of his left eye; that the claimant notified the foreman of the respondent orally on the day of the injury, to wit, January 3, 1925; that the claimant was treated by several doctors with the knowledge and acquiescence of the respondent, and that by reason of the aforesaid facts the claimant is entitled to compensation for one-hundred weeks at $18 per week.

The respondents filed a motion with the Commission on October 17th to vacate said order, alleging in substance that there was not sufficient evidence to support said order and there was no proper notice given to the company concerning the injury.

On October 31st, the Industrial Commission set aside its order of October 6th and entered an order, in substance, as follows:

That the Commission is of the opinion that the evidence does not support the finding that the loss of the claimant's eye was due to an accidental injury, and the Commission is of the further opinion that no evidence was offered by claimant that notice was given of the alleged injury as required by statute, and affirmative proof was not offered by claimant that employer was not prejudiced by his failure to give said notice or that he was unable to give the same, therefore vacated the order of October 6, 1925.

The petitioner within 30 days filed his petition in this court to review the order of October 31st, and in said petition he presents six assignments of error.

The first four assignments have to do with the power of the State Industrial Commission to set aside and vacate its own orders and awards.

The assignments of error mainly relied

upon by the petitioner, both in his brief and oral argument, are as follows:

Fifth Assignment of Error: "That even if said Commission had the inherent power of setting aside said order of October 6, 1925, which is not admitted, but expressly denied, and the said Commission had the right of making its second order of October 31, 1925, denying compensation to the petitioner herein, said last named order is erroneous and illegal, because it is not supported by the evidence, because it is against the uncontradicted evidence, and because it is wholly unsupported by competent evidence."

Sixth Assignment of Error: "Because said order dated October 31, 1925, is in violation of the Workmen's Compensation Act, and of no legal effect."

There are but three questions presented for determination in this case:

(1) Did the Industrial Commission have jurisdiction to set aside its order of October 6, 1925, and enter its order of October 31, 1925?

(2) Is there sufficient competent evidence in the record to support the finding of the Commission as set out in its order of October 31, 1925, that the loss of the claimant's eye was not due to an accidental injury?

(3) Did the employer receive such notice of the injury as is required by law?

It appears that the order of October 31, 1925, was made upon the application of an interested party without any change in condition, and in this order the Commission uses the following language:

"The Commission, in reports on file and being well and sufficiently advised in the premises, is of the opinion that the evidence does not support the finding that the loss of the claimant's eye was due to an accidental injury."

This is in direct variance with its order of October 6th, and is made without any additional evidence being introduced or without any change in condition being shown or even claimed.

It appears to be well settled that the Industrial Commission of the state of Oklahoma has inherent power to change, modify or vacate its order, and that its jurisdiction is continuing; and it may make such orders as may meet the ends of justice, upon its own motion or upon the motion of an interested party; provided, there is a change in condition or that the interested party makes application within the time prescribed by the rules of the Industrial Commission. Wilkerson v. Devonian Oil Co, 114 Okla. 84.

242 Pac. 531; Medford-Carthage Stone Co. v. Indus. Com., 119 Okla. 231, 249 Pac. 706; Herrod v. Eddie Mill & Elevator Co., 121 Okla. 260, 249 Pac. 395.

Under section 7296, C. O. S. 1921, the Commission may at any time review an award and make such an award ending, diminishing, or increasing the compensation previously awarded, upon its motion or upon the application of an interested party on the grounds of a change in condition.

Section 7297, C. O. S. 1921, as amended by Session Laws 1923, chapter 61, sec. 8, provides that an award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction, unless, within thirty days after a copy of said award or decision has been sent by the Commission to the parties affected, an action is commenced in the Supreme Court to review the same.

Section 7325, C. O. S. 1921, as amended by Session Laws of 1923, chapter 61, sec. 13, provides that the power and jurisdiction of the Commission shall be continuing, and it may make such modifications and changes with respect to its former orders as in its opinion may be justified.

Section 7318, C. O. S. 1921, provides that the Commission shall adopt reasonable rules, not inconsistent with the Compensation Act, for the purpose of carrying into effect the provisions of the Compensation Act, and under this provision the Industrial Commission has adopted certain rules, among which is Rule 30, which provides that any party aggrieved by an award may, at any time within ten days from the date of the award, apply for a rehearing on the grounds that the Commission acted without authority or in excess of its powers, and that the evidence does not justify the finding of the Commission, etc.

In construing these sections together with the rule above referred to, this court in the case of Medford-Carthage Stone Company v. Industrial Commission, supra, held that where an award was not questioned by an application for a rehearing within ten days as provided by the rules, nor within thirty days by an action in the Supreme Court, that such award is final and conclusive upon all questions within the jurisdiction of the Industrial Commission.

However, we find that Rule 30, prior to December 1, 1925, provided that an interested party might, within thirty days after the service of an order, apply for a rehearing on the grounds that the Commission

acted without authority or in excess of its powers, etc. And while the original order in this case was made on October 6, 1925, and the petition to review the same was not filed until October 17, 1925, still, under the rule as it then existed, the Industrial Commission retained jurisdiction even though no change in condition was shown.

Concerning the second proposition, after a careful examination of the record we find the facts introduced before the Commission to be very conflicting, and, in our opinion, sufficient competent evidence was introduced in this case to support the finding of the Commission either granting an award or refusing to grant one.

It has been decided so many times in this state, that it is now elementary, that in a proceeding in this court to review an award of the Industrial Commission, such proceeding is to review errors of law and not of fact; that the finding of fact by the Industrial Commission is conclusive upon this court and will not be reviewed by this court where there is any competent evidence to support the same. Thomas v. Ford Motor Co., 114 Okla. 3, 242 Pac. 765, and many other cases.

We are not unmindful of the rule that where there is no testimony reasonably tending to support the finding of the Commission, this court will reverse such finding. Tulsa Street Ry. Co. v. Shoemaker, 106 Okla. 99, 233 Pac. 182; Hogan v. State Indus. Com., 86 Okla. 161, 207 Pac. 303; and many other cases. However, from an examination of the record in the case at bar, we believe there is sufficient testimony reasonably tending to support the finding of the Industrial Commission.

We are also mindful of the well established rule that the Workmen's Compensation Act is a remedial measure, which must be at all times liberally construed for the benefit of the employee. Okmulgee Democrat Pub. Co. v. State Indus. Com., 86 Okla. 62, 206 Pac. 249.

However, applying this liberal rule of construction to the case at bar, we think the facts justify the finding of the Industrial Commission.

We are, therefore, of the opinion that the finding of the Industrial Commission is supported by sufficient competent evidence.

Being of the opinion that the Industrial Commission had jurisdiction to enter its order of October 31, 1925, and that the evidence supports the finding of the Industrial Commission in said order, the question of

whether or not the employer received notice of the injury, as required by law, is not necessary for a determination of this case, and we will therefore not pass upon that part of the finding of the Industrial Commission.

The order of the State Industrial Commission of October 31, 1925, is therefore affirmed.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.