**WILKERSON v. DEVONIAN OIL CO. et al.**

No. 18864.   Opinion Filed March 19, 1929.

Norman Barker, for petitioner.

Randolph, Haver, Shirk & Bridges and Ralph G. Thompson, Asst. Atty. Gen., for respondents.

ANDREWS, J. Petitioner in error, W. F. Wilkerson, while in the employ of the Devonian Oil Company, defendant in error, received an injury for which he filed claim with the Industrial Commission, and on December 24, 1923, was granted compensation in the sum of $228. On February 11, 1925, he filed his motion with the Commission to reopen the cause and grant him further compensation, upon the grounds of a change in his condition. The motion was sustained, and on May 27, 1925, an order was entered granting him compensation in the sum of $1,344 for 74 weeks and 4 days, at the rate of $18 per week, and to continue during his disability. On June 4, 1925, the Devonian Oil Company and its insurance carrier filed a motion for a rehearing, and on June 27, 1925, the Commission entered its order vacating the order of May 27, 1925, and denying further compensation to plaintiff in error, from which order an appeal was prosecuted to this court upon the grounds solely that the Industrial Commission was not authorized by law to vacate the order.

This court, in determining that appeal, in the case of Wilkerson v. Devonian Oil Co. 114 Okla. 84, 242 Pac. 531, held:

"The power and jurisdiction of the Industrial Commission over each case is con-

tinuing, and in the exercise of that power and jurisdiction it may, from time to time, make such modification or change with respect to a former finding or order as in its opinion may be just, and the jurisdiction of the Commission, after having once vested, over a claim being continuing, it is authorized to make such order as in its judgment may meet the ends of justice, either upon its own motion or upon the motion of any interested party to rehear, vacate, or modify."

Thereafter, on May 24, 1926, petitioner again filed with the Industrial Commission his application to reopen the cause on the grounds of changed condition. This application, after a hearing, was sustained on December 18, 1926, and further compensation awarded. The respondent filed its motion to vacate the award of December 18, 1926, and alleged in said motion, as one of the grounds therefor, that it had sought a continuance of the cause, that the application was neither granted nor denied, and that hearing closed without an opportunity for respondent to present its defense. That motion was sustained on January 15, 1927; an order was made setting aside the award of December 18, 1926, and a further hearing was granted. Thereafter, on April 18, 1927, a further hearing was had, at which additional evidence was received. The cause was taken under advisement until the 26th day of August, 1927, when a decision was rendered denying petitioner's application to reopen the cause, refusing to award further compensation and dismissing the cause. This order was based upon the finding of the Commission that the testimony introduced at the hearing was insufficient to show a change of condition after June 29, 1925, the date on which the Commission had overruled the former motion of petitioner to reopen the cause, or that claimant was entitled to further compensation by reason of the injury sustained on September 5, 1923, arising out of and in the course of employment by the respondent, Devonian Oil Company.

The petition in this court to review the award of the State Industrial Commission was filed September 23, 1927, and request for oral argument was made September 24, 1927. The respondent answered the petition filed in this court on October 3, 1927. Under rule 5 of this court, governing procedure for reviewing awards and decisions of the State Industrial Commission, the petitioner was required to serve and file his brief on or before October 23, 1927. No brief has been filed by the petitioner. Respondent on July 23, 1928, filed its motion to determine the cause. Petitioner has filed no response to that motion. Under the rules of this court there can be no oral argument until briefs are filed. Since the petitioner has neither filed his brief nor responded to this motion to determine the cause, the same will be considered on the merits without oral argument.

A review of the entire record in this cause shows that the rule announced in Wilkerson v. Devonian Oil Co., supra, is applicable to the condition of the record as now presented.

The decision and order sought to be reviewed here is based upon evidence produced at the hearings of said cause. We have examined that testimony, and find that it discloses competent evidence sustaining the finding of the State Industrial Commission that no change in the condition of the petitioner was shown after June 29, 1925. The evidence tends to show a change in the condition of the petitioner after the original settlement and prior to June 29, 1925, but the rights of the petitioner growing out of that change of condition, if any, were settled in Wilkerson v. Devonian Oil Co., supra.

An examination of the record discloses that there is competent evidence upon which the findings were based. This court has many times held that it will not disturb such findings where there is competent evidence in the record to support the same. Aetna Life Insurance Co. v. State Industrial Commission, 109 Okla. 65, 234 Pac. 765; Courson v. Consolidated Fuel Co., 121 Okla. 170, 249 Pac. 155; Allen v. Elk City Cotton Oil Co., 125 Okla. 142, 256 Pac. 898; Oklahoma-Arkansas Telephone Co. v. Fries, 128 Okla. 295, 262 Pac. 1062.

There is no error in the finding and order appealed from, and the decision of the State Industrial Commission is affirmed.

LESTER, V. C. J., and HUNT, CLARK, RILEY, HEFNER, and SWINDALL, JJ., concur.

MASON, C. J., and CULLISON, J., absent, not participating.