**MANEY & ALLEY et al. v. FLETCHER et al.**

No. 20140. Opinion Filed Sept. 24, 1929.

Rehearing Denied · Nov. 26, 1929.

A. J. Follens, for petitioners.

Owen & Looney, Paul N. Lindsey, and Radph G. Thompson, Asst. Atty. Gen., for respondents.

MASON, C. J. This is an original proceeding in this court to review an order and award of the State Industrial Commission, entered on the 11th day of January, 1929.

The undisputed evidence is that the claimant, Willie Fletcher, was injured in a fight with A. J. Alley, another employee and superintendent for Maney & Alley, claimant's employer, while he was working in the construction of a road; that the fight arose over a dispute between claimant and the superintendent as to the number of hours claimant worked for said employer the preceding day; that as a result of said fight, the claimant lost the sight of one of his eyes.

The employer, Maney & Alley, and the insurance carrier, Southern Surety Company, as petitioners herein, attack the order and award of the Commission in favor of the claimant and insist that the Commission erred in finding that claimant sustained an accidental personal injury arising out of and in the course of his employment.

The question as to whether an injury arose out of and in the course of employment, under the Workmen's Compensation Act, is a question of fact to be determined by the Industrial Commission, under the facts and circumstances in each particular case. Superior Smokeless Coal & Mining Co. v. Hise, 89 Okla. 70, 213 Pac. 303.

Counsel for petitioners cite section 7285, C. O. S. 1921, which provides:

"Every employer subject to the provisions of this act shall pay, or provide as required by this act, compensation according to the schedules of this article for the disability of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as a cause of such injury, except where the injury is occasioned by the willful intention of the injured employee to bring about injury to himself or of another. * * *"

It is then insisted that the claimant was the aggressor in said fight and under the last portion of the foregoing section and cases cited, claimant is not entitled to recovery. The issue as to who was the aggressor

in the fight was submitted to the Commission. There is a sharp conflict in the evidence, but the rule is well established that a judgment of the State Industrial Commission is final as to all questions of fact, if there is any competent evidence to reasonably support it. This court is not authorized to weigh evidence upon which any finding of fact is based, and will consider that evidence only for the purpose of determining whether or not there is any competent evidence to reasonably support the finding of fact. Wilkerson v. Devonian Oil Co., 136 Okla. 18, 275 Pac 1053; Williams v. Black-Sivalls & Bryson, 127 Okla. 32, 259 Pac. 550.

This is true although the judgment may be supported by the testimony of a single witness and several witnesses testified to the contrary. McAlester-Edwards Coal Co. v. Stephenson, Adm'x, 126 Okla. 219, 260 Pac. 78; Bruce v. McIntosh, 57 Okla. 774, 159 Pac. 261.

Claimant's evidence was that he was wearing glasses at the time the superintendent struck him, and as a result of the blow the glasses were broken and a piece of glass was driven into his eye. The evidence was also conflicting on this question, and the respondents produced a pair of unbroken glasses at the hearing which they contended were the claimant's glasses which had been picked up immediately after the fight. Claimant denied ownership of these glasses.

The general finding of the Commission in favor of the claimant is conclusive upon this court.

From our examination of the evidence and the authorities cited, we conclude that the petition to review and reverse the order and award of the Industrial Commission must be, and the same is hereby, denied.

LESTER, V. C. J., and HUNT, CLARK, RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur.

ANDREWS, J., absent.