## OKLAHOMA NATURAL GAS CORP. et al. v. FORD et al.

No. 21802. Opinion Filed April 28, 1931.

Rehearing Denied June 30, 1931.

Clayton B. Pierce and A. M. Covington, for petitioners.

Ford & Montgomery, for respondent Carter Ford.

CLARK, V. C. J. This is an original action in this court by petitioners, Oklahoma Natural Gas Corporation and Aetna Life Insurance Company, to review an award of the State Industrial Commission, made and entered on the 15th day of September, 1930, in favor of Carter Ford, respondent herein.

Said order and award found that the claimant had sustained an accidental injury on the 16th day of February, 1927, resulting in permanent total disability and gave

the claimant 500 weeks' compensation at the rate of $15.39 per week, less any sum or sums theretofore paid.

The record in this case discloses that the respondent herein, Carter Ford, was injured while stacking steel or iron pipe. The notice of the extent of the injury showed one rib pulled loose and two spread away from back bone. Claimant was given medical treatment and compensation for ten weeks.

The petitioners herein filed a motion to suspend compensation as of May 3, 1927. Hearings were had thereon on the 17th day of June, 1927, on the 9th day of November, 1927, and on the 16th day of March, 1928. Thereafter, on the 7th day of April, 1928, an order and award was made awarding claimant temporary total disability for a period of ten weeks. On the 22nd day of May, 1929, respondent Ford filed with the Commission a petition asking that said cause be reopened on the ground of change of condition and newly discovered evidence. On the next day, the 23rd day of May, 1929, without granting respondent herein a hearing or giving any consideration what to his application to reopen said cause, the Commission denied the same.

On the 19th day of August, 1930, notice of hearing was given by the Commission on motion of the respondent Ford to reopen the cause and grant further compensation. Thereafter, on the 29th day of August, 1930 a full and complete hearing was had. Thereafter, on the 15th day of September, 1930, an order and award was made. The petitioners ask this court to review said order, award, and judgment of the Commission.

The petitioners' first contention is:

"Where an award of compensation for accidental injury is not questioned by an application for rehearing filed within 15 days, as provided in rule 30 of the Industrial Commission, nor by an action in the Supreme Court within 30 days, such award is final and conclusive upon all questions within the Industrial Commission's jurisdiction, and the Commission is without power or jurisdiction thereafter to vacate, modify, or change the award in any way except upon the ground of a change in conditions."

Under this contention, petitioners contend that the Industrial Commission was without power or jurisdiction to reopen said cause and award further compensation. This contention is wholly without merit.

This court in the case of Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 Pac. 750, held:

"The power and jurisdiction of the State Industrial Commission under the Workmen's Compensation Law (chapter 246, Sess. Laws 1915) over each case submitted to it is continuing, and the Commission may, from time to time, make such modification or change of its former findings or orders relating thereto as, in its opinion, may be just, and under section 12, art. 2, of said act the Commission may at any time, upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the act."

In the case of Sun Coal Co. et al. v. State Industrial Commission, 84 Okla. 164, 203 Pac. 1042, this court held the jurisdiction of the Commission was continuing.

This was followed in the case of United States Fidelity & Casualty Co. v. Harrison et al., 125 Okla. 90, 256 Pac. 753.

This court in the case of Wilkerson v. Devonian Oil Co., 136 Okla. 18, 275 Pac. 1053, in the second paragraph of the syllabus said:

"The power and jurisdiction of the Industrial Commission over each case is continuing, and in the exercise of that power and jurisdiction it may, from time to time, make such modification or change with respect to a former finding or order as in its opinion may be just, and the jurisdiction of the Commission, after having once vested, over a claim, being continuing, it is authorized to make such order as in its judgment may meet the ends of justice, either upon its own motion or upon the motion of any interested party to rehear, vacate, or modify."

Also in the case of Associated Employers' Reciprocal et al. v. State Industrial Commission, 88 Okla. 80, 211 Pac. 491, wherein this court held that the Industrial Commission had continuing jurisdiction to modify or change its award; and in that case it had been reversed by the Supreme Court on the grounds of failure of testimony to support the award. The same went back to the Commission and was reopened and an award made and affirmed by this court on review. See, also, Wilkerson v. Devonian Oil Co., 114 Okla. 84, 242 Pac. 531.

Under section 7325, C. O. S. 1921, the jurisdiction of the Industrial Commission over each case submitted to it is continuing, and it may from time to time make such

modifications or change with respect to former finding or order as in its opinion may be just, and the jurisdiction of the Commission, after having once vested over a claim, being continuing, it is authorized to make such order as in its opinion may meet the ends of justice, either upon its own motion or upon the motion of any interested party to rehear, vacate, or modify its former order.

The second contention presented by petitioners is as follows:

"To justify reopening the case on account of a change of condition it is necessary that there be some competent testimony showing, first, that there had in fact been a change in condition, and, second, that the change was due to the original injury."

In this case there is sufficient evidence to justify the finding of a change in condition, and that the same arose out of the original injury. The testimony on the former hearing discloses that the claimant was not seriously injured, and on this hearing it was disclosed he was permanently injured.

The third contention presented by petitioners is as follows:

"The award is not supported by any competent evidence and should be overruled as a matter of law."

Dr. J. E. Cargill testified that claimant's condition was caused from trauma—a hurt; that his condition might be permanent.

The testimony further disclosed that prior to the injury the claimant was a strong healthy man doing heavy work in the oil field, and that on the date of trial he was permanently and totally disabled.

Examination of the record will disclose that there was competent evidence to support the finding of the Commission. Judgment and award is affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., concurs in syllabus.