## VICTOR GASOLINE CO. et al. v. HARRIS et al.

No. 23915. Opinion Filed Feb. 14, 1933.

Roy V. Lewis, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and W. E. Crowe, for respondents.

CULLISON, V. C. J. This is original proceeding before the Supreme Court to review an order of the State Industrial Commission rendered on July 6, 1932, overruling petitioners' motion to determine the extent of permanent disability, if any, and ordering that petitioners continue to pay compensation to claimant until further order of the Commission.

The record discloses that claimant received an accidental injury while in the employ of petitioners, and that November 13, 1931, an award was made in said cause directing the payment of compensation to claimant because of his disability as a result of the accidental injury and that said payments continue until further ordered by the Commission.

On May 18, 1932, petitioners filed a motion with the Commission asking that said cause be set for hearing to determine the extent of permanent disability, if any, and as a result of said motion a hearing was had before the Commission, at which hearing medical testimony was introduced showing the condition of claimant's eyes. At the conclusion of said hearing the Commission overruled petitioners' motion to determine the extent of permanent disability and ordered that payments of compensation continue until otherwise ordered. Petitioners appeal from this order.

It will be observed from the condition of the record just outlined, petitioners were the moving parties in the hearing before the State Industrial Commission, and under the rule announced by this court the burden of proof is upon the moving party to establish the allegations in said motion, as held by this court in the case of Canadian Mining & Development Co. et al. v. Robbins et al., 155 Okla. 20, 7 P. (2d) 886, at page 887 of the body of the opinion:

"The burden of proof to establish the allegations in said motion to discontinue compensation was upon petitioners. The Commission having found they did not sustain that burden of proof, the following rule applies: 'The decision of the Industrial Commission is final as to all questions of fact, if there is any competent evidence to reasonably support it. This court is not authorized to weigh the evidence upon which any finding of fact is based, and will consider that evidence only for the purpose of determining whether or not there is any competent evidence to reasonably support the findings of fact.' Maney and Alley v. Fletcher, 140 Okla. 54, 282 P. 153."

After the Commission had heard the evidence upon petitioners' motion, the Commission overruled the motion, evidently upon the theory that they did not sustain the burden of proof required by the rule announced.

We have carefully reviewed the evidence in the case at bar, and find that there is competent evidence to support the order of the Commission.

There was evidence showing that claimant's eyes were not completely healed, and until claimant's eyes had completely healed, the extent of permanent disability could not be ascertained.

Under the rule announced, supra, with this competent evidence before the Commission, the Commission could not do otherwise than overrule the motion and render the order appealed from.

After carefully considering the record and authorities in the case at bar, we conclude, and hold, that the petition to vacate should be denied, and the order of the Commission is hereby affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. McNEILL, J., absent.