PIONEER MILLS Co. et al. v. WEBSTER et al.

*99 P. 2d 507.*

No. 29063.   Dec. 5, 1939.

Rehearing Denied Feb. 27, 1940.

Pierce & Rucker and Fred M. Mock, all of Oklahoma City, for petitioners.

Claud Briggs and John Morrison, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

GIBSON, J. This is an original proceeding to review an award of the State Industrial Commission. For convenience the parties will be referred to merely as the employer and the employee, respectively.

The award is one for total permanent disability as authorized by subdivision 1, sec. 13356, O. S. 1931, 85 Okla. Stat. Ann. § 22.

This controversy has been here before for the purpose of reviewing an award for partial permanent disability rendered pursuant to the "other cases" provision of said section 13356. Pioneer Mills Co. v. Webster, 184 Okla. 49, 84 P. 2d 642. The award was there vacated.

Later, the commission, without giving the employer an opportunity to be heard, entered the present award for total permanent disability.

The employer says the foregoing procedure was unauthorized, and constituted a denial of due process of law. The employee takes the position that, since the jurisdiction of the commission is continuing, it was authorized to enter the award without notice.

We agree with the employer.

When the proceedings to review the former award were lodged in this court, the jurisdiction of the commission definitely ceased. On remand thereof the matter stood as if no award had been made, and further hearing was necessary to a valid order for compensation. Though the evidence formerly presented may be again considered by the commission, the proceedings, after award is vacated by this court, must be conducted as if no former hearing had taken place. Orderly hearing is essential to an award, and notice thereof, or an opportunity to be heard, is jurisdictional (section 13360, O. S. 1931, 85 Okla. Stat. Ann. § 26; City of Guthrie v. Standley, 151 Okla. 72, 1 P. 2d 678; Rucks-Brandt Const. Co. v. Price, 165 Okla. 178, 23 P. 2d 690); and failure in this respect constitutes denial of due process of law (Hauschildt v. Col-

lins, 152 Okla. 193, 4 P. 2d 99). Here it should be borne in mind that the award in question was not rendered upon change of condition, and we give no opinion as to failure of notice in such case, but was analogous to, and of the same effect as, an original award in any case.

The employee has cited Skelly Oil Co. v. Gage, 172 Okla. 493, 45 P. 2d 766, as authority sustaining his position with reference to the commission's power after an award is vacated here. The question of notice of hearing seems not to have been considered in that case. It is not in point. And so it is with the other cases relied upon (Liddell v. State Industrial Comm., 126 Okla. 235, 259 P. 265; Wilkerson v. Devonian Oil Co., 114 Okla. 84, 242 P. 531).

There is some intimation on the part of counsel that the employer, after receiving notice of the instant award, was obligated to request further hearing thereon before the commission if said award was not satisfactory. But we can merely say that the statutes do not require such procedure. The employer pursued the proper remedy. A motion before the commission for review does not toll the time limited for commencing an original action in this court to review an award. See Vietta v. Crow Coal Co., 114 Okla. 296, 246 P. 412. A party is not required to seek further action by the commission and thus prejudice his right to commence action here to test the validity of the commission's order.

The award is vacated.

WELCH, V. C. J., and RILEY, OSBORN, CORN, HURST, DAVISON, and DANNER, JJ., concur.