**Johnnie Lee LEEPER, Petitioner,**

v.

**CHICKASHA PLUMBING COMPANY, Maryland Casualty Company, and the State Industrial Commission, Respondent.**

**No. 37585.**

Supreme Court of Oklahoma.

Dec. 4, 1957.

O. B. Martin, Oklahoma City, for petitioner.

Pierce, Mock & Duncan, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

On the 9th day of March, 1956, Johnnie Lee Leeper, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Chickasha Plumbing Company he sustained an accidental injury arising out of and in the course of his employment on February 16, 1956. On the 20th day of July, 1956, the State Industrial Commission denied an award, the order thereon being substantially as follows:

"Now on this 20th day of July, 1956, this cause comes on for consideration, pursuant to regular assignment and hearing at Oklahoma City, Oklahoma, on May 28, 1956, before Chairman Marx Childers, with claimant appear-

ing in person and by O. B. Martin, respondent and insurance carrier by Denton Gossett. The Trial Judge, having considered the evidence, records, and being fully advised in the premises, finds:

"That claimant did not sustain an accidental personal injury, arising out of and in the course of his hazardous employment, as alleged in his Form 3, on file herein; and therefore, his claim for compensation is denied.

"It is therefore ordered that claimant's claim for compensation is denied."

This proceeding is brought by claimant against the employer and its insurance carrier, hereinafter called respondents, to review the order denying the award.

The record discloses that on the 28th day of May, 1956, the proceeding was heard before a single trial commissioner. The attorney for respondents denied any injury and stated that temporary total disability to the amount of three weeks had been paid from the date of the injury through March 8, 1956. The trial commissioner then asked if the hearing was on permanent partial disability, and the attorney for claimant replied:

"Mr. Martin: Temporary total, Judge. Really, this was set at the request of the respondent. I don't know what he wants to try it on. If it's left up to the claimant, we would like to try it on the question of additional compensation and additional medical."

Thereupon claimant was called as a witness. He testified that he was fifty years old; that on February 16, 1956, while loading a portable boiler at the air base near Cordell, Oklahoma, he strained his back; that the boiler weighed between 800 and 1,000 pounds and had to be picked up to set it on the end of a truck. Either four or five men were engaged in this process of loading the boiler on the truck; that in moving the boiler he was jarred, and the load shoved him back, and he felt pain in the small part of his back; that this happened between eight and nine o'clock in the morning.

Claimant was hospitalized and paid three weeks' compensation. He remained in the hospital for approximately one week. There is evidence that further medical treatment is necessary. Claimant was offered and was noncomittal about accepting a myelogram, and there was a discussion between claimant and the trial commissioner about the merits of and the discomforts incident to a myelogram.

Claimant states that the case was not tried nor submitted on the issue of the nature and extent of permanent disability. We agree.

At the conclusion of the claimant's testimony, the following occurred:

"Mr. Martin: I want to get a supplemental report.

"The Court: Be submitted on temporary total on supplemental report of Dr. Stacy and on the medical of Dr. Maril?

"Mr. Martin: That's right.

"Mr. Gossett: I'll get a report from Dr. Shorbe, too.

"Mr. Martin: We'll submit those reports to the Judge as soon as the doctors can write them. That ought to be within a week.

"Are you boys going to use this other boy?

"Mr. Martin: Yes, I want to use him.

"The Court: What's this on? The injury?

"Mr. Martin: Yes, sir. He was working with him.

"The Court: You won't need him unless you need him on rebuttal. You've got a prima facie case made."

The other boy apparently was Noel Black who was called as a witness and who supported the testimony of claimant. The case was then closed. There was never any indication that any question would be considered other than temporary disability. The type of evidence offered by claimant would naturally differ in such case. In Pioneer Mills Co. v. Webster, 186 Okl. 616,

99 P.2d 507, we held in effect that any party is entitled to notice of the nature of the proceeding on which the order of the State Industrial Commission is based. We are of the opinion that before the case could be disposed of on the order made claimant should have had notice of intention of the State Industrial Commission to determine the question of permanent disability. We are of the opinion and hold that a determination of the issue of permanent disability prior to the time claimant has had an opportunity fully to develop that issue is a lack of due process of law. Amerada Petroleum Corporation v. Hester, 188 Okl. 394, 109 P.2d 820; Conrad v. State Industrial Commission, 181 Okl. 324, 73 P.2d 858.

The record discloses that claimant did not have such opportunity. The order denying the award is vacated, and the cause is remanded to the State Industrial Commission for proceedings in accordance with the views herein expressed.