## Case No. 9,513.

### MEWSTER v SPALDING.

[6 McLean, 24.] [1]

Circuit Court, D. Michigan. June Term, 1853.

JUDGMENT—AUTHENTICATION OF RECORD—COURTS —PRESUMPTION OF KNOWLEDGE OF STATE LAW —IMPRISONMENT FOR DEBT—FRAUD.

1. Where a record of a judgment of a state court is offered in evidence, in the circuit court, sitting within the same state, the certificate of the clerk and seal of the court is a sufficient authentication. Such an authentication, it is supposed, would be good in the state courts of the same state; and if so, it is good in this court.

[Cited in Bennett v. Bennett, Case No. 1,318; Turnbull v. Payson, 95 U. S. 422.]

[Approved in Bradford v. Russell, 79 Ind. 74.]

2. The judges of the supreme court are presumed to know the laws of the respective states, as their jurisdiction extends throughout the United States.

3. In Michigan, although imprisonment for debt is abolished, yet where a debtor acts fraudulently, or is about so to act, he may be arrested. And after such an arrest, the sheriff, if he permit him to escape, is liable to an action for an escape. And such an action may be brought in this court.

At law.

Frazer & Davidson, for plaintiff.
Hawkins & Jocelin, for defendant.

OPINION OF THE COURT. This is an action against the sheriff of Washtenaw county, for an escape. A record was offered in evidence of a judgment obtained in that county, before a state court, against the defendant, who, it is alleged, was in the legal custody of the sheriff, and from whose custody he was permitted to escape; for which this action was brought. The record was objected to, because it was only certified under the seal of the court, by the clerk, but had not the certificate of the presiding judge, that the record, etc., "was in due form." By the act of congress, of the 26th of May, 1790 [1 Stat. 122], it is provided: "That the acts of the legislatures of the several states shall be authenticated by having the seal of their respective states affixed thereto; that the records and judicial pro-

ceedings of the courts of any state, shall be proved or admitted in any other court of the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the said attestation is in due form."

It is supposed that judgments of the state courts as well as its legislative action, are required to have the above authentication, when used as evidence in another state. When used within the state, the published statutes are evidence, and so, it would seem, are the judgments regularly certified by the clerk under the seal of the court. It can hardly be necessary for a state judge to certify to another state judge, when each knows officially what is "the due form" required. And if such a certificate of the presiding or chief justice be not necessary to make the record evidence in a court of the state where rendered, the same rule is applicable in this court. It has been held by the supreme court, that as its jurisdiction extends throughout the United States, the judges of that court are presumed to know the laws of the respective states. They require no authentication of the laws of the states, as above provided, but act on them from their own knowledge, or from the published statutes. And on the same principle, they take cognizance of the courts of each state organized under its laws, and of the jurisdictions they exercise. This being the case, the necessity of the certificate of the judge, as to the "due form" of a state court record, is not very apparent. It would be objectionable, to those of the profession who look more to form than substance. But, however this may be, we admit the record objected to without the certificate of the judge, as it is the record of a court of the state of Michigan.

It is also objected that the arrest in this case was made under a special statute of the state, partaking to some extent, of a criminal procedure, of which this court cannot take jurisdiction. The procedure took place under the Revised Statutes of 1846, entitled "An act for the punishment of fraudulent debtors." The 1st section declares that no person shall be imprisoned for debt, except as follows. The plaintiff may apply for a warrant to arrest the defendant, and the warrant may be issued on the affidavit of the plaintiff or some other person, that the debt is due, and that the defendant is "about to remove to defraud his creditors, or that he has property which he refuses to apply to the payment, or that he has disposed, or is about to do so, of his property to defraud his creditors, or that defendant fraudulently incurred the obligation sued on; and upon proof to the satisfaction of the officer called on to issue the warrant, he shall issue it."

On the warrant, the defendant being arrested is brought before the officer, where

the defendant may controvert the facts alleged, on which the warrant was issued. On this examination, if the officer finds the allegation true, he may commit the defendant. unless he shall pay the debt, give security, or enter into bond to assign in thirty days his property for the benefit of his creditors, and if committed, the defendant remains in custody until final judgment shall be rendered in his favor, or until he has assigned his property or obtained his discharge under the insolvent laws. The commitment having been made under the above statute, it is charged the sheriff suffered him to escape.

No objection is perceived to the jurisdiction of this court. The proceeding, under the statute, is not criminal. It gives a remedy against a fraudulent debtor, and in the action now before us, we have to inquire whether the defendant in the action before the state court, was legally in custody. To prove this the warrant must be produced, or its loss must be shown, to authorize secondary proof of its contents. The warrant is not produced, and some evidence has been offered of its loss. The warrant was issued by Judge Lane, who, on examination, committed the defendant. Shortly after this, Judge Lane died. A copy of the warrant appears to be contained in the recognizance entered into by the defendant, to appear and answer the allegations of fraud; but to make this evidence the original must be shown to have been lost. A file of the judge's papers, found in his office, has been examined, but the original warrant was not found in it. The other papers of the judge have not been examined, and this is essential to the reception of secondary proof.

A non suit was suffered by the plaintiff, which the court, on motion, set aside, on payment of costs.