## BURNS v. ROXANA PETROLEUM CORP. et al.

No. 20136. Opinion Filed Nov. 26, 1929.

Otjen, Wilson & Carter, for petitioner.

Edwin . Dabney, Atty. Gen., Ralph G. Thompson, Asst. Atty. Gen., and Clayton B. Pierce, for respondents.

MASON, C. J. This is an original proceeding to review and vacate a final order of the State Industrial Commission made on January 5, 1929, denying claim of petitioner for compensation.

It is conceded that the petitioner was injured on the 9th day of March, 1928, while employed by the Roxana Petroleum Company by being accidentally struck on the left cheek bone by a forge handle. Hearings were had before the Industrial Commission, and on October 11, 1928, an order was entered awarding petitioner compensation for 50 per cent. loss of hearing of his left ear. Thereafter, on the 13th day of October, 1928, the Commission, without any notice to the claimant, entered its order vacating the award of October 11th. The case was reopened, additional evidence was taken, and the order herein complained of was entered.

Counsel for petitioner first contend that the Industrial Commission erred in sustaining the motion of respondents and insurance carrier to vacate the award of the Commission dated October 11, 1928, without notice to the claimant. It may be that the giving of such notice by the Commission would be better practice, but the contention of counsel is without merit. The law is well settled that the power and jurisdiction of the Industrial Commission over each case is continuing, and in the exercise of that power and jurisdiction it may, from time to time, make such modification or change with respect to a former finding or order as in its opinion may be just, and the jurisdiction of the Commission, after having once vested, over a claim, being continuing, it is authorized to make such order as in its judgment may meet the ends of justice, either upon its own motion or upon the motion of any interested party to rehear, vacate, or modify. Wilkerson v. Devonian Oil Co., 114 Okla. 84, 242 Pac. 531; Liddell v. State Industrial Commission, 126 Okla. 235, 259 Pac. 265.

It is next insisted that the finding of the Commission is not supported by any competent evidence. It has been decided so many times in this state that it is now elementary that in a proceeding in this court to review an award of the Industrial Commission, such proceeding is to review errors of law and not of fact; that the finding of fact by the Industrial Commission is conclusive upon this court and will not be reviewed by this court where there is any competent evidence to support the same. Thomas v. Ford Motor Co. et al., 114 Okla. 3, 242 Pac. 765; Southern Surety Co. v. Tabor, 88 Okla. 103, 212 Pac. 128; Raulerson v. State Industrial Commission, 76 Okla. 8, 183 Pac. 880.

We are not unmindful of the rule that where there is no testimony tending to support the finding of the Commission, this court will reverse such finding. Tulsa St. Ry. Co. v. Shoemaker, 106 Okla. 99, 233 Pac. 182; Hogan v. State Industrial Commission, 86 Okla. 161, 207 Pac. 303.

It will be necessary, therefore, to consider only the evidence which tends to support the order of the Commission. It appears that the injury which occurred on March 9, 1928, was a very minor one; that immediately thereafter the claimant reported to a physician at Marshall, Okla., who treated the broken skin; that no complaint was made at that time relative to any impairment of hearing; that he continued to work until March 21, 1928, when he was discharged, after which he complained of his impairment of hearing.

Doctors Hudson and Piper examined the claimant on the day of his discharge. Their testimony, in substance, is that claimant had a small scar on his left malor bone and complained of pains in this region and of deafness: that they found some impairment of hearing in both ears: that such impairment of hearing was due to an old catarrhal in-

fection in the middle ear, and that he had a low grade infdction of the left antrum; that there was no evidence of fracture, but the left antrum was cloudy; that in their opinion the abrasion on the claimant's left cheek had no connection or bearing with such defective hearing.

It is true that another physician, who examined the claimant several months after the accident, testified to contradictory facts, as did the claimant.

Some complaint is made as to a portion of the testimony of Dr. Piper because he refreshed his memory from a letter or report prepared by another physician who assisted in such examination.

From an examination of the entire evidence of the doctor, we do not think this evidence was incompetent, but we may disregard such evidence and yet we find competent evidence which reasonably tends to support the findings of fact and final order of the Commission.

The petition to review and vacate said order is, therefore, denied.

LESTER, V. C. J., and HUNT, RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur. CLARK and SWINDALL, JJ., absent.