## NEW YORK INDEMNITY INS. CO. v. FERRELL et al.

No. 20538.   Opinion Filed April 1, 1930.

Clayton B. Pierce, for petitioner.

Suits & Disney, for respondent Shaner.

B. B. Hickman, for respondent Ferrell.

J. Berry King, Atty. Gen., and Ralph G. Thompson, Asst. Atty. Gen., for respondent State Industrial Commission.

DIFFENDAFFER, C. On January 13, 1929, Bill Ferrell was employed as a driller on an oil and gas lease located in Stephens county. On that date, he sustained accidental injuries causing the loss of the third and little fingers of the left hand. He filed his claim with the State Industrial Commission, naming P. A. Shaner as his employer and the New York Indemnity Company (New York Indemnity Insurance Company) as insurance carrier. A hearing was had resulting in an award, the correctness of the amount of which is not contested, against both Shaner and the indemnity company, to review which these proceedings were commenced by the indemnity company.

The indemnity company contended that Ferrell was not an employee of Shaner on January 13, 1929, and that it was not liable, for the reason that the policy of insurance which Shaner carried covered only his operations in Carter county. The Commission found against the indemnity company and directed payment by it.

This proceeding is to review the order and findings as against the petitioners, the New York Indemnity Insurance Company.

There is but one question in the case, that is, Was Ferrell the employee of Shaner on the 13th day of January, 1929?

The record discloses that, prior to September, 1928, Shaner was the owner of and was operating certain oil and gas leases in Carter county. Some of the leases were held in his own name and some in the name of his wife, Lillian B. Shaner. Compensation insurance was carried in the name of Lillian B. Shaner. The period covered thereby being from November 17, 1927, to November 17, 1928; the premises, etc., covered being designated as in "Carter county, Okla." About September, 1928, Shaner acquired the lease in Stephens county upon which claimant was working when he was injured. Shaner, Jim Barron, S. E. Linson, and Harry Ables furnished the purchase price of the lease, each furnishing one-fourth. The title to the lease was taken in the name of P. A. Shaner. About the time the insurance policy expired, a new policy was issued. This policy was taken in the name of P. A. Shaner.

The evidence shows that the four owners of the Stephens county lease intended to, and did, on January 15, 1929, form a corporation to handle the Stephens county lease. But claimant was injured on January 13th, two days before the corporation was formed, and the corporation is consequently not in the case.

Petitioner contends that, because the Stephens county lease was owned by Shaner and three others, there was a partnership, and that Ferrell was an employee of the partnership and not of P. A. Shaner, and therefore not covered by the policy.

As between the owners of the lease, there was probably a partnership, but it does not necessarily follow that Ferrell was the employee of such partnership. Petitioner cites Flowers v. Hill, 119 Okla. 275, 249 Pac. 704. In that case, it was held:

"Where a claim is filed by a workman under the Workmen's Compensation Laws of this state and a hearing had before the State Industrial Commission, and the question whether a partnership exists is a matter of doubt, to be decided by inferences to be drawn from all the evidence, it is one of fact for the Industrial Commission to determine."

The sole question there was whether or not a partnership existed. It was said that the evidence clearly showed that the contract for the erection of the building was taken in the name of Hill & Williams; that the bank account for the construction of this building was carried in the name of Hill & Williams; and that Hill & Williams were in charge of the erection of the building and signed all checks for the construction of the building, "Hill & Williams, by A. R. Williams," and that C. L. Hill was, during the time of the construction of this particular house, engaged in another part of the state upon a contract taken in his own individual name, and that he carried indemnity insurance in his individual name, and that claimant was not an individual employee of C. L. Hill. A finding and order denying compensation to the employee injured, in the erection of the building in the partnership name as against the insurance carrier of C. L. Hill, as an individual, was properly affirmed.

In the instant case, the evidence does not clearly show that Ferrell was not the individual employee of Shaner. On the other hand, we think there is ample evidence to support the finding of the Commission that claimant Ferrell was the individual employee of Shaner. Ferrell testified in part:

"Q. Did you receive an injury on the 13th day of January, 1929? A. Yes, sir. Q. For whom were you working? A. P. A. Shaner. Q. In what county was the lease upon which you were injured? A. Stephens county, about nine miles west of Duncan."

And on cross-examination, as follows:

"Q. How did you happen to go to work

out there? A. Mr. Shaner hired me. Q. Mr. Shaner came around and asked you to go to work for him? A. Yes. * * * Q. By whom were you paid? A. Mr. Shaner. Q. He gave you his personal check for it? A. Yes. * * * Q. After that contract expired with Steve Linson, what did you do? A. I hired to Shaner to drill this well. Q. Did you use the tools? A. Yes, and I put up cab.e tools and worked about nine days for Mr. Shaner. Q. On January 13th, you were working for Mr. Shaner? A. Yes."

Shaner testified:

"I collected all the money and paid all the bills. * * * Q. You were operating it solely, and were? A. Yes. Q. And they took no part in the operation? A. No. * * *"

The parties referred to in the last question were the three other owners of the lease.

This, we think, is ample evidence to support the finding and order of the State Industrial Commission. There are several other propositions presented, but we deem it unnecessary to discuss them separately, since they are all controlled by the one question of fact above discussed.

Findings of fact made by the State Industrial Commission are conclusive, if there is any evidence reasonably tending to support same.

We therefore conclude that the petition should be denied.

BENNETT, HERR, HALL, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.