## CARTER et al. v. BARRY et al.

No. 20686.    Opinion Filed Jan. 19, 1932.

Bond & Bond, for plaintiffs in error.

Womack, Brown & Cund, for defendants in error.

CLARK, V. C. J. This action was commenced in the district court of Stephens county by one of the defendants in error, R. B. Barry, plaintiff below, against the plaintiffs in error herein for possession of lands described in the petition and the rental value thereof for the years of 1926, 1927, and 1928, in the total sum of $1,500. That after the commencement of said action the defendant in error herein, T. H. McCasland, was made party plaintiff therein and amended petition was filed in said cause by the defendants in error against the plaintiffs in error herein.

For convenience the parties will be referred to as they appeared in the trial court.

Plaintiffs' amended petition alleged in substance: That they were owners of a valid agricultural leasehold estate on the lands described in the petition and entitled to immediate possession thereof. That defendants are in the wrongful possession of said premises and wrongfully withholding the same from plaintiffs.

That said land was a part of the homestead allotment of Willie C. Samuel, full-blood Choctaw Indian. That on the 10th day of March, 1925, said allottee executed and delivered to plaintiff R. B. Barry, agricultural lease on said premises, beginning on the 1st day of January, 1926, ending on the 31st day of December, 1930, which lease on the 7th of August, 1925, was approved by acting Superintendent of the Five Civilized Tribes.

That defendants were in possession of said premises during the years of 1926 and 1927, and collected and received the rents and profits therefrom and refused to pay same to plaintiffs, thus damaging plaintiffs in the sum of $1,500.

That there was filed in the United States District Court of the Eastern District of Oklahoma an action by the United States of America against the defendant G. W. Carter, in which action it was determined on the 9th day of November, 1927, that defendant G. W. Carter had no right to the possession of said premises for the years 1926 and 1927, and that plaintiff R. B. Barry herein was entitled to possession of said premises for the years 1926, 1927, 1928, 1929, and 1930; said cause has not been appealed from and has become final and is a final adjudication as to the rights of plaintiffs to possession of said premises.

That the plaintiffs are entitled to the rental value of the premises for the years 1926, 1927, and 1928. That demand has been made by plaintiffs on defendants for said rents on said premises and refused, and defendants have refused to recognize the plaintiffs' rights; and prayed for the appointment of receiver for the year 1928, and further prayed for the rental value of said lands for the year 1928 in the sum of $750. Attached to said petition were exhibits of agricultural lease, patent to the land and decree of the United States District Court for the Eastern District of Oklahoma. Defendants filed demurrer to petition, which was overruled, to which action of the court defendants excepted.

The defendants filed answer by way of unverified general denial.

Upon the trial of said cause before a jury, special interrogatories were submitted to the jury and the jury found the fair cash rental value of said land to be $165 for each of the years, 1926, 1927, and 1928; and further found that the plaintiff Barry had notified the defendant Carter in the year 1925 that he had a lease on the land in controversy.

The trial court rendered judgment for plaintiffs for the immediate possession of the premises and judgment in the total sum of $495. Motion for new trial was filed and overruled, to which action the defendants excepted and gave notice of appeal in open court and bring the cause here for review.

Plaintiffs in error first contend that the measure of damages would be the actual rents received by the defendants from the land if the plaintiffs were in fact entitled to possession thereof, and not the rental value on the market, for the reason that defendants were not trespassers.

The defendants' evidence disclosed that the defendant Carter had been in possession of the lands for a number of years under a lease from the allottee and was in possession of the lands at the time the plaintiffs took their lease, under a five-year lease from the allottee, and that on the 26th day of December, 1925, the defendant took a new one-year lease from the allottee for the year 1926.

Section 5997, C. O. S. 1921, reads as follows:

"The detriment caused by the wrongful occupation of real property, in cases not embraced in sections 5998, 6004, 6005, and 6006, is deemed to be the value of the use of the property for the time of such occupation, not exceeding six years next preceding the commencement of the action or proceeding to enforce the right to damages, and the costs, if any, of recovering the possession."

Sections 5998, 6004, 6005, and 6006, C. O. S. 1921, referred to in section 5997, read as follows:

Sec. 5998. "For willfully holding over real property by a person who entered upon the same as guardian or trustee for an infant, or by right of an estate terminable with any life or lives, after the termination of the trust or particular estate, without the consent of the party immediately entitled after such termination, the measure of damages is the value of the profits received during such holding over."

Sec. 6004. "For the failure of a tenant to give up the premises held by him, when he has given notice of his intention to do so, the measure of damages is double the rent which he ought otherwise to pay."

Sec. 6005. "For willfully holding over real property, by a tenant after the end of his term, and after notice to quit has been duly given, and demand of possession made, the measure of damages is double the yearly value of the property, for the time of withholding, in addition to compensation for the detriment occasioned thereby."

Sec. 6006. "For forcibly ejecting or excluding a person from the possession of real property, the measure of damages is three times such a sum as would compensate for the detriment caused to him by the act complained of."

In the case of Drennan v. Harris, 67 Okla. 313, 161 P. 781, in the fifth paragraph of the syllabus, this court said:

"'The detriment caused by the wrongful occupation of real property, in cases not embraced in sections 2874, 2880, 2881, and 2882, is deemed to be the value of the use of the property for the time of such occupation, not exceeding six years next preceding the commencement of the action or proceeding to enforce the right to damages, and the costs, if any of recovering the possession.' Section 2873, Revised Laws 1910."

Also, see Campbell v. Dick, 71 Okla. 186, 176 P. 520.

It is our opinion that the measure of damages in the case at bar was controlled by section 5997, supra, and that the court did not err in rendering judgment for the amount found by the jury to be a fair cash rental value of the lands in controversy for the period sued for.

The next contention of plaintiffs in error is with reference to the admissibility of certain documentary evidence introduced by plaintiffs, which was as follows: First, a certified copy of the petition filed in the United States District Court of the Eastern District of Oklahoma by the United States of America against the defendant below, G. W. Carter, to declare the lease from the allottee to the plaintiff below, R. B. Barry, and approved by the acting Superintendent for the Five Civilized Tribes to be a valid lease, and declaring that G. W. Carter, defendant, had no right, title, or interest in the lands therein described, being the same lands involved in this case, and that the possession of the lands be restored to the said allottee and his assigns at law.

Second: Certified copy of answer of the defendant Carter filed in said United States District Court in said cause, which admitted the execution of the lease to R. B. Barry, plaintiff herein, and admitted the approval thereof. He alleged in said answer that he was in the peaceable possession of the land at the time under a five-year lease, which began on the 1st day of January, 1921, and ended on the 31st day of December, 1925, and that said lease had been duly approved; and further alleged that on the 27th day of December, 1925, the allottee leased said land to the defendant for a term of one year, beginning on the 26th day of December, 1925, and ending on the 25th day of December, 1926, and that he was in the peaceful and lawful possession of said land; and that the lease of March 19, 1925, to R. B. Barry, was executed long time prior to the expiration of the one-year lease to the defendant, and that the lease to R. B. Barry overlapped the lease to this defendant. Further alleged that the approval of the lease to R. B. Barry was without any force and effect and that the allottee had no authority to execute a contract on March 10, 1925.

Third: Certified copy of decree rendered in said cause in the United States District Court for the Eastern District of Oklahoma on the 9th day of November, 1927, wherein the court found the issues generally for the plaintiff and found that the lease of G. W. Carter, taken on the 26th day of December, 1925, was void and invalid, and further found that the departmental lease executed on the 28th day of March, 1925, and approved by the acting Superintendent of the Five Civilized Tribes was a valid lease and that the said lease of R. B. Barry entitled the lessee to possession of said land until December 31, 1930.

Each of the said instruments was certified to by the clerk of the District Court of the United States of the Eastern District of Oklahoma, by a deputy, to be a true, full, and correct copy of the instrument in said cause as the same appeared of record and on file in his office and attached his seal thereto.

To the introduction of these exhibits the defendants in the case at bar objected, which objections were overruled and exceptions saved.

The plaintiffs in error, in their brief, as to their objection to the introduction of said instruments, contend, first, that they were not properly authenticated; and, second, that they were not res adjudicata of the issues as between the parties to this action.

Section 638, C. O. S. 1921, reads as follows:

"Copies of all papers authorized or required by law to be filed or recorded in any public office, or of any record required by law to be made or kept in any such office, duly certified by the officer having the legal custody of such paper or record, under his official seal, if he have one, may be received in evidence with the same effect as the original when such original is not in the possession or under the control of the party desiring to use the same."

In the case of Turnbull v. Payson, 24 L. Ed. 437, 95 U. S. 418, the court said:

"Beyond all doubt, the certificate of the clerk and the seal of the court is a sufficient authentication of the record of a judgment rendered in a state court, when offered in evidence in the circuit court sitting within the same state where the judgment was rendered. Mewster v. Spalding, 6 McLean, 24. Held, also, that such an authentication would be sufficient in the state court; and if so, that it would also be good in the circuit court.

"* * * Records of state courts, in order that they may be admissible in the courts of other states, must be authenticated as required in that provision; but the Act of Congress does not apply to the courts of the United States, nor to the public acts, records or judicial proceedings of a state

court to be used as evidence in another court of the same state."

And the court in Turnbull v. Payson, supra, after citing numerous authorities, further stated on page 440, of 24 L. Ed.:

"Viewed in the light of these authorities, to which many more might be added, we are all of the opinion with the Supreme Court of Connecticut, that it is not absolutely necessary that the record of a judgment should be authenticated in the mode prescribed by the act of Congress referred to, to render the same admissible in the courts of the United States; that the district court of the United States, even out of the state composing the district, is to be regarded as a domestic and not a foreign court, and that the records of such a court may be proved by the certificate of the clerk under the seal of the court, without the certificate of the judge that the attestation is in due form."

Also see 22 C. J. sec. 995, at page 843.

In our opinion the court did not err in admitting in evidence the petition, answer, and judgment filed and entered in the United States District Court of the Eastern District of Oklahoma, for the reason that the same was properly certified under section 638, C. O. S. 1921, supra, and that the judgment was rendered in the United States District Court sitting at Chickasha, Grady county, Okla., and the case at bar was filed and tried in Stephens county, Okla., and that the judgment in the federal court was rendered within the same state as the trial of the case at bar, and the certificate of the clerk of the federal court showing the court the instruments were filed in and showing by what court the decree was rendered, and that the instruments were true, full, and correct copies of each of said instruments, naming them, as the same appeared of record and on file, and attaching the seal of the court thereto, was sufficient, as the federal court under such state of facts is a domestic court and not a foreign court.

The suit in the United States District Court was an action by the United States in its fiduciary capacity to cancel the lease involved herein of the plaintiff in error Carter, and to establish the validity of the lease approved by the acting Superintendent of the Five Civilized Tribes between the allottee and the defendant in error Barry, and the judgment rendered in said court unappealed from is res adjudicata and binding as to all matters determined therein, which were the invalidity of the lease of the plaintiff in error herein, Carter, and the validity of the lease of the defendant in error herein, Barry, and that Barry was entitled to posses-

sion of the lands, and was a determination of all matters therein presented.

The record offered in evidence discloses that the question of rents was not litigated in said action and was not determined by said judgment in the federal court. It was not necessary to determine the issue as to the rents, nor was such an issue necessarily involved in said action.

Under the record disclosed here, the judgment in that action is not a bar to this action for possession and rents, but that the judgment in that action is a bar to a further determination by this court as to the validity or invalidity of the leases in question.

The plaintiffs in error complain as to the defendant in error herein, T. H. McCasland, having been made a party plaintiff in the trial court. The record discloses that when the cause came on for trial on the 19th day of July, 1928, the plaintiff's evidence disclosed that the said McCasland was an interested party in the action, being interested in the ownership of the lease claimed by plaintiff below, and upon motion of the plaintiff, Barry, that T. H. McCasland was ordered to be made party plaintiff, and upon his refusal that he be made party defendant, and the cause was continued and the plaintiff was permitted to file amended petition, and that thereafter T. H. McCasland joined with the plaintiff, R. B. Barry, as plaintiffs in said action.

The amended petition alleged that T. H. McCasland was equally interested with R. B. Barry in said lease and that the said R. B. Barry was holding the legal title for himself and coplaintiff. The evidence did not disclose the interest of T. H. McCasland. The judgment was rendered in the court below for the plaintiffs R. B. Berry and T. H. McCasland.

It is our opinion that the defendants cannot complain in this action as to T. H. McCasland having been made party plaintiff, and the only parties that could complain with reference to the said T. H. McCasland being made a party would be the plaintiffs below as between themselves. It was beneficial to plaintiffs in error that all parties claiming the rents be made parties thereto.

Upon the whole record, therefore, we are of the opinion that there is contained therein competent evidence reasonably tending to support the judgment of the court, and finding no error therein, the judgment of the district court is affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KOR-

NEGAY, JJ., concur. LESTER, O. J., absent.