dormant in his eyes, and that when he got carbon in them, the disease was aggravated so as to cause the disability complained of in both eyes. The claimant was paid temporary total compensation from July 9, 1928, the date he quit work, until the 20th day of August, 1928, and it appears that claimant then signed a settlement for his temporary total disability and the case was closed. Thereafter, on January 3, 1931, the claimant filed motion with the Commission, asking them to set the cause for hearing to determine the extent of permanent partial disability resulting from the injury. After two hearings the Commission made an award to the claimant, finding that he had a 29 per cent. permanent partial loss of vision in both of his eyes, and awarded him compensation for 145 weeks for such loss at the rate of $18 per week, or the total sum of $2,610. Respondents complain of this order and assign as error that:

"There is no evidence in the record to support the finding of the Commission that the claimant has a 20 per cent. permanent partial loss of sight in both eyes."

It is the contention of the respondents that there is no evidence to support the finding of the Commission that the claimant had a permanent partial disability consisting of 29 per cent. loss of sight of both eyes, and that the evidence reflects that the eyes would improve with treatment within a space of a few months.

The respondents in their brief, on page 6, say:

"We will concede for the purpose of argument that there was some evidence shown that the claimant did have a loss of vision in the amount found by the Commission. * * * However, there is nothing in the record to show that the condition is permanent, lasting, durable, fixed, stable, or unaltered, or unremoved."

We must look to the record to ascertain if there is evidence of permanent partial disability, and in doing so we find, on page 21, testimony of Dr. Westfall, who was called as a witness in behalf of the respondents, which, in part, is as follows:

"Q. What were your findings on your examinations yesterday and to-day, with reference to vision? A. Vision in the right eye, 20-40, and in the left 20-30. Q. The same as it was when he first came to you in 1928? A. Yes, same as that in 1928; there has been a period of time in between the examination too. If the vision were going to increase or decrease, there was sufficient time for it to have done so."

It is to be seen from the above testimony and the date of the injury up to the date of the hearing, and Dr. Westfall testified that as the condition had existed in the claimant's eyes for three years, then it appears that sufficient time elapsed; that if the vision were going to increase or decrease, there was sufficient time for it to have done so. We think this evidence was sufficient to justify the Commission in finding that the injuries to the claimant's eyes were permanent. It is also an important fact that the record shows that this claimant had suffered from the injury about three years before the date of the hearing when various doctors testified in the case as to his condition at the time. One of the doctors testified that he had treated the claimant, and that the claimant co-operated in every way possible with him to correct or alleviate the diseased and injured condition in his eyes.

From what has been said, this cause must turn upon the rule many times stated by this court, that where there is any competent evidence to support the findings of the Commission, the same will not be disturbed by this court on review. See Burns v. Roxana Pet. Corp., 140 Okla. 57, 282 P. 606; New York Indemnity Co. v. Ferrell, 142 Okla. 235, 286 P. 314.

Award affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

**CARTER et al. v. BARRY et al.**

No. 20687. Opinion Filed Feb. 16, 1932.

Bond & Bond, for plaintiffs in error.

Womack, Brown & Cund, for defendants in error.

CLARK, V. C. J. The facts presented and the questions of law involved herein are identical with the questions of fact and the law involved in the case of G. W. Carter et al. v. R. B. Barry et al., No. 20686, decided by this court on January 19, 1932, 154 Okla. 145, 7 P. (2d) 448, which was a companion case to this case.

For the reasons stated in said companion case, the judgment in this case is accordingly affirmed.

LESTER, C. J., and RILEY, HEFNER, ANDREWS, and KORNEGAY, JJ., concur. CULLISON, SWINDALL, and McNEILL, JJ., absent.

Note.—See under (1) 9 R. C. L. 942; R. C. L. Perm. Supp. p. 2575.

**CARTER et al. v. BARRY et al.**

No. 20688. Opinion Filed Feb. 16, 1932.

Bond & Bond, for plaintiffs in error.

Womack, Brown & Cund, for defendants in error.

CLARK, V. C. J. The facts presented and the questions of law involved herein are identical with the questions of fact and the law involved in the case of G. W. Carter et al. v. R. B. Barry et al., No. 20686, decided by this court on January 19, 1932, 154 Okla. 145, 7 P. (2d) 448, which was a companion case to this case.

For the reasons stated in said companion case, the judgment in this case is accordingly affirmed.

LESTER, C. J., and RILEY, HEFNER, ANDREWS, and KORNEGAY, JJ., concur. CULLISON, SWINDALL, and McNEILL, JJ., absent.

Note.—See under (1) 9 R. C L. 942; R. C. L. Perm. Supp. 2575.