## HAYNES BROTHERS DRILLING CO. et al. v. DUNGAN et al.

No. 23214. Opinion Filed July 27, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioners.

Reid, Lewis & Reid, for respondent J. J. Dungan.

CULLISON, J. This is an original proceeding before this court to review an order and award of the State Industrial Commission made and entered on the 25th day of November, 1931, in favor of J. J. Dungan.

The record discloses that J. J. Dungan, claimant herein, filed with the State Industrial Commission, on April 8, 1931, his claim for compensation, in which he sets out that on April 10, 1930, while employed by Haynes Brothers Drilling Company, he got gas poison in his eyes while firing boilers without smokestacks, and that while he lost no time from his work, as a result thereof he has suffered permanent (partial) disability.

Pursuant to notice given to all parties, hearings were had and testimony adduced in said matter, at the conclusion of which the Commission entered its order which is made the subject-matter of this proceeding to review. The order is quite short, its essence being in these words:

"* * * Said cause coming on to be heard on motion of claimant to determine liability and extent of disability, and it appearing that claimant has lost no time from work, and that his eyes are in need of treatment as result of injury of April 10, 1930, it is the opinion of the Commission that respondent should furnish medical treatment and pay claimant compensation during such time (the period of treatment) at the rate of $18 per week.

"It is therefore ordered: That as result of disability to claimant's eyes by reason of accidental injury while in employ of respondent April 10, 1930. * * *"

Petitioners allege seven assignments of error, which they discuss under the following two propositions of law:

(1) "Where an injured employee fails for more than one year to file his claim for compensation with the State Industrial Commission, the same is barred by section 7301, C. O. S. 1921."

(2) "A disability resulting from a certain employment that is in itself hazardous is not compensable under this court's construction of the Workmen's Compensation Law, unless such disability results from an accidental injury."

It will be observed that petitioners urge that claimant did not file his claim for compensation with the Commission for more than one year after the injury, and that said injury was not "accidental," but was occupational, and therefore not compensable.

An examination of the record discloses that claimant filed his claim for compensation on April 8, 1931, alleging an injury sustained April 10, 1930. Claimant's testimony contains positive affirmative statements regarding these dates, and that on the date of his injury he informed his superiors thereof, and, acting upon their instructions, secured medical attention at their expense.

It is true that claimant's further testimony is susceptible of an interpretation that the injury occurred a few days prior to April 10, 1930, but the State Industrial Commission apparently found, upon the favorable statements made by claimant, that his claim had been filed within the year following his injury. There is competent evidence that would reasonably tend to support a finding by the Industrial Commission on either theory. Therefore, it appears that the most that can be said as to petitioners' first contention is that the evidence is conflicting. The finding of the State Industrial Commission in this particular will therefore not be disturbed.

It is next contended that the injury to claimant's eyes was in its nature an occupational disease, and not accidental so as to come within the provisions of the Workmen's Compensation Law of this state.

With this contention we cannot agree.

The testimony, considered as a whole, discloses that claimant had worked for petitioners for ten months, firing boilers, and had never had any trouble with his eyes (R.-14); that it was usual and customary to have a smokestack and blower on the boiler (R.-20); that petitioners had no smokestacks on the boilers at the time claimant began firing boilers on the job in question, and this condition continued for about three or four days. That by reason of this absence of smokestacks and blowers, poison gas from the firebox blew into his face, causing the injury to his eyes (R.-3). The record contains medical testimony of the attending physician that he removed a loose foreign body from claimant's eye, and treated him for acute inflammation of the membrane that lines the eyelids and covers the eyeball in front. Claimant fixed the exact date of the injury.

We are of the opinion, and hold, that the injury was not an "occupational disease," It is apparent that claimant's injury was not due wholly to normal causes and conditions constantly present and characteristic of his particular occupation, but, on the contrary, was occasioned by an absence of the customary and usual smokestacks and blowers on the boilers of his employer for a period of three or four days, and the poison gas laden with its foreign object (supra) striking claimant's eye by reason thereof, on April 10, 1930. It is true that the testimony is conflicting on this point, but, under the holding of this court in the case of Bryant et al. v. Beason et al., 153 Okla. 57, 4 P. (2d) 1061, the Industrial Commission's finding on question whether disability resulted from occupational disease or accidental injury will not be disturbed, where the evidence is conflicting.

We conclude, and hold, that the record contains sufficient competent evidence reasonably tending to support the award of the Commission, and that the same should be affirmed.

LESTER, C. J., and HEFNER, SWINDALL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, ANDREWS, and McNEILL, JJ., absent.