## BROWN et al. v. ENGLISH et al.

No. 23500. Opinion Filed Oct. 11, 1932.

H. C. Thurman and Byrne A. Bowman, for petitioners.

Warren W. Connor and Al T. Singletary, for respondents.

CULLISON, J. This is an original proceeding before this court to review the order and award of the State Industrial Commission rendered March 8, 1932, in case No. A-68745, styled C. E. English v. J. B. Brown and The Fidelity and Casualty Company, wherein the Commission found that the claimant, "on November 18, 1931, sustained an accidental personal injury by a gust of wind blowing cement into his face and chest, injuring the respiratory tract;" and ordered his aforesaid employer and insurance carrier to pay claimant compensation at the rate of $8 per week for 300 weeks, for permanent partial disability, subject to a reconsideration of the degree of the man's impairment, on motion of the Commission or the parties.

Petitioners contend for a reversal of the award, and raise two propositions, to wit:

### First Proposition.

"The claimant did not sustain an accidental injury. The finding of the Industrial Commission that the claimant 'sustained an accidental personal injury by a gust of wind blowing cement into his face and chest' is not reasonably supported by any evidence. The evidence shows that the claimant suffered a break-down from an occupational disease known as pneumonoconiosis."

### Second Proposition.

"Assuming that the man had an accidental injury, his disability at the time of the hearings was not due to that accidental injury, but due to pneumonoconiosis, an occupational disease. The finding of the Industrial Commission that the claimant's disability, other than the temporary total disability, was due to an accidental injury, is not reasonably supported by any evidence."

We observe that petitioners contend that the alleged injury to claimant's respiratory tract was in its nature an occupational disease, and not accidental so as to come within the provisions of the Workmen's Compensation Law of this state; and, in the alternative, if claimant's injury was "accidental," his disability therefrom had ceased and his present disability is that of an "occupational disease" and not compensable.

To properly decide these contentions, we must review the record relative thereto. Claimant was engaged in cementing an oil well for petitioners, located in a low spot near the bank of a river. To the west of claimant was some 2,000 sacks of cement. Sacks were pitched back close to claimant, and the wind blowing from a northeasterly direction blew the dust and cement down into the hole in which claimant was working and into claimant's face and chest. A gust of wind blew a large quantity of cement into claimant's mouth and much of the same lodged in claimant's lungs. Claimant was taken to a doctor by petitioners immediately and was treated for his acute condition. Medical testimony was to the effect that claimant was a very sick man, face flushed, eyes very red and swollen, coughing continuously, a large amount of dark gray in sputum being dislodged at each cough, and breathing so loudly that he might be heard in the adjoining room. Coupled with claimant's acute condition from the sudden inhalation of a large amount of cement was a condition of pneumonia and a fever of 101.4 degrees. Claimant gave a history of having worked in and around cement and gravel at times previous, but only for a day or two at a time and only a few times over a period of many years. He further testified that his former work around cement had never troubled his breathing. Further medical testimony was to the effect that the man is strong, but his lungs will not regain their former condition, and that claimant has suffered 35% disability of lung tissue. The Commission, after hearing practically all the testimony, made the following remark with reference to a certain question and objection relative to occupational disease:

"The Court: * * * I haven't seen any semblance of connection in this case with an occupational disease."

There was further medical testimony that the acute condition was caused from the cement.

The record contains competent evidence reasonably tending to support the finding of the Commission that claimant's disability resulted from an accidental injury, and not from an occupational disease. In view of this state of the record, even if there be present conflicting testimony, the Commission's finding will not be disturbed upon review by this court, under the rule announced in Bryant et al. v. Beason et al., 153 Okla. 57, 4 P. (2d) 1061, and in Haynes Brothers Drilling Company et al. v. Dungan et al., 158 Okla. 263, 13 P. (2d) 197.

Under petitioners' second, and alternative, contention. it is urged that any disability suffered by claimant as a result of his injury had ended and that his disability existing at the time of the hearings was not due to the accidental injury of November 18, 1931, but was due to a former lung condition of bronchitis, etc.

There is some medical testimony in the record to the effect that such cement as was blown into the face and respiratory tract of claimant did aggravate and accelerate the conditions already present at that time and caused the acute condition from which he suffered for a time and which was of such a serious nature that it left claimant with a permanent disability. There is also medical testimony to the effect that his disability at the time of the hearings was not due to the injury of November 18, 1931.

The question of whether or not claimant's disability had ended as a result of the accidental injury was a question of fact for the Commission. This question was determined adversely to the contention of petitioners by the Commission, and, under the uniform holding of this court, if there is any competent evidence reasonably tending to support the award, the same will not

be disturbed by this court. Transcontinental Oil Co. v. Eoff, 126 Okla. 91, 258 P. 743.

Under the law announced in the case of Superior Smokeless Coal & Mining Co. v. Shamblin et al., 148 Okla. 193 (1st case), 298 P. 247, and the state of the record in the instant case, a finding by the Commission in full accord with the contention of petitioners would still justify an award to claimant. In that case, the court held:

"Where an employee engaged in a hazardous occupation within the provisions of the Workmen's Compensation Act has a latent or dormant disease and receives an accidental injury which aggravates or excites the latent or dormant disease to virulency or activity, the injury, including the effects of the disease, is compensable under said act."

A review of the record in the case at bar discloses that there was competent evidence to support the findings of the Industrial Commission.

The award of the Commission is affirmed.

RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and HEFNER, J., absent.

Note.—See under (1) 28 R. C. L. 829; R. C. L. Perm. Supp. p. 6255; R. C. L. Pocket Part, title "Workmen's Compensation," § 116. (3) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 812, 828, 829; R. C. L. Perm. Supp. p. 6254; R C. L. Pocket Part, title "Workmen's Compensation," § 116.