## HAYNES BROTHERS DRILLING CO. v. DUNGAN et al.

No. 24390. Opinion Filed July 12, 1933.

Harry O. Glasser, for petitioner.

Rayford S. Reid, for respondent J. J. Dungan.

CULLISON, V. C. J. The claimant, J. J. Dungan, was an employee of Haynes Brothers Drilling Company, and on April 10, 1930, while he was firing boilers for his employer, got poison gas and a foreign body in his eyes by reason of an absence of smokestacks on the boilers, thereby sustaining the injury for which he sought compensation under the Workmen's Compensation Law of this state. On November 25, 1931, the State Industrial Commission, by an order, passed upon said claim in these words:

"* * * Said cause coming on to be heard on motion of claimant to determine liability and extent of disability, and it appearing that claimant has lost no time from work, and that his eyes are in need of treatment as result of injury of April 10, 1930, it is the opinion of the Commission that respondent should furnish medical treatment and pay claimant compensation during such time (the period of treatment) at the rate of $18 per week.

"It is therefore ordered: That as result of disability to claimant's eyes by reason of accidental injury **while in employ of respondent, April 10, 1930.** * * *"

Whereupon claimant brought proceedings in this court to review said order of the Commission. Upon final consideration of the cause by this court, by an opinion of the court in the case styled as Haynes Brothers Drilling Co. v. Dungan et al., 158 Okla. 263, 13 P. (2d) 197, the cause was affirmed, as follows:

"We conclude, and hold, that the record contains sufficient competent evidence reasonably tending to support the award of the Commission, and that the same should be affirmed."

Pursuant to the foregoing decision and motion for a hearing by the claimant to determine the extent of his permanent disability, hearings were had, at which the employer and employee were present and represented by counsel (the insurance carrier being insolvent and its surety refusing and neglecting to appear after request to do so), before the Commission, and further testimony taken in the matter. On January 3, 1933, the Commission made an order, finding as follows:

"(1) That on the 10th day of April, 1930, the claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law and that on said date he sustained an accidental injury arising out of and in the course of his employment, said injury being to his eyes.

"(2) That the claimant's average daily wage at the time of said accidental injury was $7.50 per day.

"(3) That by reason of said accidental injury, the claimant was not temporarily totally disabled from the performance of ordinary manual labor beyond the five-day waiting period.

"(4) That by reason of said accidental injury, the claimant has sustained a ten per cent. permanent loss of vision in his right eye and 30 per cent. permanent loss of vision in his left eye, and that said ten per cent. permanent loss of vision or permanent partial disability to the right eye and 30 per cent. permanent loss of vision or permanent partial disability to the left eye is due to said accidental injury."

And, upon consideration of the foregoing findings of fact, ordered claimant be paid compensation at the rate of $18 per week for 100 weeks by reason of his equivalent of 20 per cent. permanent partial disability to both eyes. The employer brought this proceeding to review the foregoing order.

There is but one question presented by the petition to review: Whether or not there is any evidence reasonably tending to support the findings and order of the Industrial Commission finding that while working for Haynes Brothers Drilling Company claimant was injured in a hazardous occupation, resulting in an average 20 per cent. permanent partial disability to both eyes, and directing payment of compensation accordingly.

The opinion of this court upon the former review of this case upheld the award of the Commission determining liability, the extent of disability being left for future determination by the Commission.

The petitioner seeks to again have this court adjudicate the question of liability, contending: (1) That claimant had worn glasses prior to this injury to his eyes; and (2) that claimant was not engaged in work on the Wilkey-Anderson well, but was working at the time of his injury on the Salzman lease. We observe the first contention

was denied by the claimant, and the second contention was refuted by testimony that, irrespective of what lease claimant was injured on, he was at the time of the injury in the employ of Haynes Brothers Drilling Company. The evidence would have authorized the Commission to find either way upon the question.

It will thus be observed that the same question is presented in this review as was determined in the former review.

In the syllabus of the case of Insurance Co. of N. A. v. Cochran, 59 Okla. 200, 159 P. 247, it was said:

"Where questions of law upon a state of facts have been settled upon a former appeal, and are based, in substance, upon the same evidence when again presented, the decision on the former appeal is the law of the case and binding upon this court."

The decision by this court sustaining this general doctrine will be found cited in our recent opinion in the case of Kelly v. Okmulgee Gas Co., 128 Okla. 237, 262 P. 649. While not cited in petitioner's brief, there will also be found the cases in which the court saw proper to reverse its former holdings; but for reasons not present in this case.

The Supreme Court of Arkansas, in the case of Maryland Casualty Co. v. Maloney, 178 S. W. 387, L. R. A. 1916A, 519, said in the syllabus:

"A ruling on appeal that the evidence was sufficient to warrant a recovery is binding on a second appeal upon substantially the same evidence."

The further amplification of the rule is made in 2 R. C. L. 227, wherein it is said:

"The general rule as to the law of the case applies with regard to questions as to the sufficiency of the evidence to prove a fact in issue, and when the case comes up for review a second time and the evidence is substantially the same, the former decision is conclusive." Citing the case of Westfall v. Wait, 165 Ind. 353, 73 N. E. 1089, 6 Ann. Cas. 788, and note.

The courts, in deciding the precise question here presented, used in the syllabi of the opinions the following language in the respective cases, to wit:

"Where court of errors and appeals reversed a judgment for defendant based on a directed verdict, and held that the issues were entirely of fact and presented jury questions, a verdict for plaintiff on a subsequent trial cannot be reversed, where evidence for plaintiff is substantially the same as that upon the former trial." Braunworth v. Borough of Verona (N. J. L.) 115 Atl. 353.

"Where, on former appeal from nonsuit at close of plaintiff's evidence, court held that case should have been submitted to jury, on a second trial, where plaintiff's evidence was substantially the same as on the first trial, the case should have been submitted to the jury, no matter what the evidence for defendant was." Clark v. Sweaney (N. C.) 97 S. E. 474.

The claimant's evidence in the latter hearing was to the same effect as it was on the first hearing. On a former appeal, this court held, in substance, that there was evidence sufficient to entitle claimant to the award made. Evidence which is once held to establish certain facts must be held on a subsequent hearing to establish the same facts. The rule applied to cases tried to juries operates with equal force to matters heard by the State Industrial Commission. We now necessarily conclude that the question of liability, having been formerly adjudicated between the parties litigant herein, is res adjudicata.

As to the question whether or not the award of the Industrial Commission for partial permanent disability is reasonably supported by the testimony, we have reviewed the testimony, both lay and medical, and necessarily conclude that the evidence is sufficient to sustain the award in this cause.

For the reason stated, the finding and award of the State Industrial Commission should be, and it is hereby, affirmed.

RILEY, C. J., and SWINDALL, OSBORN, BUSBY, and WELCH, JJ., concur. ANDREWS, McNEILL, and BAYLESS, JJ., absent.