## TURNER v. STATE INDUSTRIAL COMMISSION et al.

No. 26193. Oct. 8, 1935.

Rehearing Denied Nov. 5, 1935.

W. W. Pryor, H. M. Sandlin, and G. O. Wallace, for petitioner.

Mac Q. Williamson, Atty. Gen., J. C. Denton, R. H. Wills J. H. Crocker, F. A. Graybill, I. L. Lockewitz, and J. P. Greve, for respondents.

PER CURIAM This is an original proceeding to review and vacate a final order of the State Industrial Commission made on February 2, 1935, denying claim of the petitioner for compensation.

The petitioner filed employee's first notice of injury and claim for compensation with the Industrial Commission on July 13, 1934, alleging that on March 28, 1934, he had sustained an accidental injury while in the employ of the respondent Mid-Continent Petroleum Corporation. This was denied by respondent, and numerous hearings were held by the Commission thereon, and in the final order it made the following finding of fact:

"The Commission is of the opinion and finds that claimant's disability, if any, is not due to the alleged injury."

It is insisted here that:

"The finding of the Industrial Commission is without support of any testimony whatever."

In support of this contention petitioner sets out in his brief excerpts from the testimony of each of the witnesses, except one, appearing before the Commission, and cites us to a number of authorities particularly Snyder v. Pacific Tent & Awning Co., 3 Cal. I. A. C. D. 1; Rounda & Spivock v. Heenan, 3 Cal. I. A. C. D. 36; Retmier v. Cruse (Ind. App.) 119 N. E. 32; Nelson v. McLarnon & Co., 9 N. Y. S. Dep. Rep. 325; Republic Iron & Steel Co. v. Markiowicz (Ind. App.) 129 N. E. 710; Schneider (2d) Workmen's Compensation, vol. 1, pages 951-954; Hadley v. Department of Labor and Industries (Wash.). 25 P. (2d) 1031; Baker v. Industrial Accident Commission (Cal. App.) 27 P. (2d) 769; Northwestern Refining Co. v. Industrial Commission, 145 Okla. 72, 291 P. 533; and numerous other authorities of a similar nature. However, we have found these cases of very little assistance for the reason which will hereafter appear.

In the first place, we apprehend what counsel for petitioner really means to urge before this court is that the finding of the Commission was without competent evidence reasonably tending to support it. The State In-

dustrial Commission is the exclusive fact-finding tribunal in the administration of the Workmen's Compensation Law of this state. Section 13360, O. S. 1931. And, as we have held in Amerada Pet. Corp. v. Cook et al., 152 Okla. 98, 3 P. (2d) 667:

"The cause of an injury and the extent thereof are questions of fact, and the finding of the Industrial Commission thereon will not be disturbed by this court on review where there is competent evidence reasonably tending to support the same."

Whether the disability of the petitioner was the result of a compensable accident, or due to some other cause, was a question of fact for the State Industrial Commission to decide. Burns v. Roxana Pet. Corp., 140 Okla. 57, 282 P. 606.

We have repeatedly said that this court will not review conflicting evidence and determine the weight thereof in actions seeking the vacation of an award and finding made by the Industrial Commission. Gulf Pipe Line Co. v. Keener, 162 Okla. 281, 20 P. (2d) 170; Century Indemnity Co. v. Chamberlain et al., 152 Okla. 158, 4 P. (2d) 79. We have likewise held that the finding of the State Industrial Commission upon the question of whether disability resulted from occupational disease, or an accidental injury, will not be disturbed where the evidence is conflicting. Brown v. English, 159 Okla. 208, 15 P. (2d) 17; Haynes Bros. Drilling Co. v. Dungan, 158 Okla. 263, 13 P. (2d) 197; Bryant v. Beason, 153 Okla. 57, 4 P. (2d) 1061.

Since it was the contention of the petitioner that he had sustained an internal injury which was the cause of his disability, and he was seeking compensation on this theory, the facts before the Commission for determination were of such nature as to require proof thereof by the testimony of skilled and professional persons. J. J. Harrison Construction Co. v. Mitchell, 170 Okla. 364, 40 P. (2d) 643. It is therefore necessary to consider only the evidence of the medical witnesses to determine whether there was any competent evidence before the Commission reasonably tending to support the finding made by it. We find that the Commission had before it in this connection the testimony of five physicians and surgeons on which to base its finding as to the nature, cause and extent of petitioner's disability; we further find that this testimony was in substantial agreement as to the disability of the petitioner, but in conflict as to the cause and nature thereof. The testimony of two of the petitioner's witnesses, Drs. Harned

and Love, attributed his condition to an injury, while another of the petitioner's witnesses, Dr. Walker, attributed the petitioner's condition to illness and not to any injury. The testimony of Dr. Martin, who was appointed by the Commission, as well as the testimony of Dr. Rushing and Dr. Cronk, who were produced by the respondent, was to the effect that the disability of the petitioner was due rather to illness than to any injury. Therefore, it will be observed that there was a conflict in competent evidence before the Commission on this question. It is neither the duty nor province of this court to weigh this conflicting testimony and determine where the preponderance lies. There was ample competent evidence before the Commission which reasonably tends to support the finding made by it, and we will not disturb such finding. Therefore, the order of the Industrial Commission is affirmed.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.