**Harriet BOOKSTORE, Appellant,**

**v.**

**Bernard MOSS a/k/a B. Moss and Stella Moss, husband and wife, Appellees.**

**No. 59641.**

Court of Appeals of Oklahoma, Division No. 4.

Aug. 14, 1984.

Released for Publication by Order of Court of Appeals Sept. 14, 1984.

Charles W. Stubbs, Oklahoma City, for appellant.

Ted N. Pool, Sherman, Pool, Thompson & Rogers, Del City, for appellees.

BRIGHTMIRE, Judge.

The issues raised are controlled by the law of the case as established by an earlier judgment and an opinion of this court disposing of an appeal from that judgment.[1]

On remand, according to the appealing plaintiff, the trial court resolved certain issues regarding a joint venture agreement contrary to the law of the case.

The plaintiff is right; the trial court appears to have misconstrued our earlier opinion. We reverse the judgment in part and affirm in part.

## I

To understand the issues currently raised in this twenty-year-old litigation, a brief review of orientational facts is necessary.[2]

More than thirty years ago, in 1953, an Oklahoma City lawyer by the name of Frank M. Bookstore and an investor named Bernard Moss decided to acquire some real estate and for this purpose entered into an oral joint venture agreement. The venturers were quite active during the next few years, and by the time Frank Bookstore died in 1962 they had acquired a large number of properties. On November 1, 1962, some four months after Frank Bookstore's death, Bernard Moss deeded a piece of Oklahoma County land to his wife. Shortly thereafter this land was condemned by the state for a highway right of way and Moss received compensation in the amount of $18,850 on March 6, 1963.

A dispute developed between plaintiff Harriet Bookstore, Frank Bookstore's widow, and Bernard Moss concerning joint venture assets. Harriet Bookstore filed the action January 15, 1964, seeking (1) judicial establishment of an undivided one-half interest in all real estate on hand; (2) a judgment for one half of the gross proceeds received March 6, 1963, from the

state for the condemned joint venture property in Oklahoma County standing in Stella Moss's name; (3) a judgment for one half of any other moneys received by the joint venture and for one-half the value of any property transferred by Moss; and (4) an accounting for all joint venture moneys received from any source whether from sales, rents or otherwise.

One of the main points of controversy concerns the exact terms of the joint venture agreement. Harriet Bookstore alleged them to be that (1) the joint venturers would purchase real property including real estate related tax certificates and titles; (2) for convenience, title to the acquisitions would be taken in the name of Bernard Moss; (3) Bernard Moss would furnish the money needed for the enterprise and Frank Bookstore would do the necessary legal work; and (4) each party would own an undivided one-half interest in joint venture property and, in case of a sale, each venturer would receive one half of the gross proceeds realized.

Bernard Moss filed an answer and counterclaim in which he admitted that he and Frank Bookstore entered into a joint venture agreement but, he alleged, it was only for the purchase of Delaware County land at tax sales. Moss admitted he was to advance the purchase money, that Frank Bookstore agreed to perform legal and other services incident to the acquisitions and perfection of titles, and that title was to be taken in his name. His chief point of disagreement was that when such land was sold, he, Bernard Moss, would be reimbursed the purchase price and expenses he had incurred and the partners would equally divide what remained—in other words, the net profits. Moss mentioned nothing about how Bookstore was to be given credit for his contribution to the enterprise.

Moss next alleged that he and Frank Bookstore purchased some Delaware Coun-

1. *Bookstore v. Moss,* No. 44,906 (C.A.Div. 2 Okla. March 6, 1973). The appeal was by Stella Moss from a judgment based on a jury verdict rendered March 5, 1971.

2. This extended litigation offers a perfect example of a lawyer doing what he would not advise his clients to do—undertake a rather substantial enterprise founded on only an oral agreement and a handshake.

ty property from C.W. McKeehan. Bookstore, alleged Moss, never paid his half of the purchase price and by mutual consent Bookstore's interest was extinguished.

With regard to the condemned Oklahoma County property—which he had conveyed to his wife—Moss said he owned that property before the joint venture agreement was made and that he paid Bookstore for the legal services he rendered in connection with it.

For further defense Moss alleged: (1) the 1953 oral agreement came within the purview of the statute of frauds—15 O.S.1961 § 136—and was therefore void and unenforceable; (2) the death of Frank Bookstore dissolved the oral agreement; (3) the plaintiff should have sought relief under the probate procedure statute—58 O.S.1961 § 255; and (4) Bookstore's being Moss's lawyer when the agreement was made was presumptively fraudulent and, because it was greatly to Bookstore's advantage, it is evident that Bookstore in his fiduciary capacity did not act in utmost good faith or with fairness in seeking creation of the agreement.

For a counterclaim Moss asked the court to quiet his title against the claims of plaintiff.

On December 15, 1967, Moss moved for a summary judgment on the ground there were no disputed material facts and he was entitled to judgment. On January 16, 1970, the trial court granted Moss a partial "summary judgment" and quieted his title to all of the joint venture real property still possessed by Moss on the ground the 1953 agreement was invalid under the statute of frauds. Summary judgment was denied as to the proceeds from the condemned property. As to this asset, the trial court concluded the statute of frauds did not apply and an issue of fact was involved.

During July 1970 Bernard Moss died. His widow became the defendant.

The issue concerning the condemnation money was presented to a jury beginning March 4, 1971. In his instructions the trial judge advised the jury of plaintiff's version of the joint venture agreement; of her allegation that the condemned property was part of it; and of Moss's version of the agreement, namely, that the venturers "were to divide the net proceeds after deducting costs and expenses," and of Moss's denial that the condemned Oklahoma County property was covered by the joint venture agreement. This, the court told the jury in instruction No. 4, "defines the issues to be tried." And to bring the factual issues into even sharper focus, the court further charged the jury in instruction No. 7 thus:

"If you find by a preponderence [sic] of the evidence that an oral contract or agreement was entered into by Frank M. Bookstore and Bernard Moss in 1953 or prior thereto as alleged in Plaintiff's Petition; and if you also find that said Oklahoma County property was acquired by them for the benefit of both pursuant to said agreement, then and in that event, your verdict shall be for the Plaintiff in the amount sued for, to-wit: $9,143.00 and interest at six per cent per annum from March 6, 1963; but if you do not so find, your verdict must be for the Defendants."

The jury found the facts to be as alleged by plaintiff and returned a verdict in her favor for $9,143—exactly half of the gross amount received by Moss from the State of Oklahoma for the Oklahoma County property—together with interest at the legal rate from March 6, 1963, the date Moss received the condemnation money.

Plaintiff appealed from that part of the judgment which had summarily voided her interest in the joint venture real estate. Defendant Moss cross-appealed and complained of the jury verdict.

The matter was assigned to the court of appeals for disposition. We affirmed the judgment on the verdict but reversed the summary judgment which pertained to the Delaware County land.

On remand the trial court found (1) the joint venturers had agreed that in the event of a sale of venture property Moss was to be reimbursed the acquisition costs and

other expenses incidental to its ownership which he paid and the parties would equally divide what remained of the proceeds; (2) Moss was not entitled to be reimbursed for any personal or travel expenses incurred before or after Frank Bookstore's death, and (3) expenditures incidental to the ownership of venture property incurred after Frank Bookstore's death were to be borne equally. The court ordered Moss to prepare and submit an accounting in accordance with these findings and legal conclusions.

Harriet Bookstore appeals claiming that the judgment on remand rendered December 16, 1982, is reversibly erroneous in that it is based on findings in conflict with the law of the case established by the first appeal.[3]

## II

The controlling question, then, is whether the 1982 judgment is at war with the law of the case. We hold the first finding—concerning reimbursement of acquisition costs—is.

While our holding in the first appeal is definite and clear, our opinion contains some language concerning unresolved issues raised in Moss's answer and Bookstore's reply which is probably unclear enough to have misled the court into retrying an issue previously resolved in the case. The problem language in our previous opinion is this: "Appellant's [defendant's] answer and appellee's [plaintiff's] reply raise issues of fact relative to the terms of the agreement and its alleged breach as to the Delaware County properties." We then vacated the summary judgment and remanded the cause "for trial on the Delaware County property ... in a manner consistent with the views expressed herein."

The trial court evidently overlooked the fact that one of the contractual terms in dispute—whether the parties were to divide

the gross or net profits—had been resolved by the earlier jury verdict, and such resolution had been affirmed on appeal. The early part of our opinion recognizes and confirms this fact. Such final finding became merged in the law of the case, making it impermissible for the trial court to make a contrary finding and divide the net proceeds remaining after deducting acquisition and other expenditures relating to the ownership of the property. The jury in the earlier trial undoubtedly took the position that the venturers considered attorney Bookstore's contribution of legal services to the enterprise to be at least equal in value to the monetary contribution of Mr. Moss.

There were, of course, other disputed terms of the agreement we were referring to in our earlier opinion giving rise to issues which were neither raised nor decided by the 1971 jury and therefore remained unresolved. One was concerned with the allocation of venture expenses incurred after the partnership terminated upon Frank Bookstore's death. Another dealt with whether certain Delaware County properties were owned by the ventureship. Yet a third issue was whether Moss was entitled to recover certain venture-related personal and travel expenses. The first of these issues was decided by the court on remand against Harriet Bookstore, as we mentioned earlier. The second was disposed of by stipulation. And the third was resolved in favor of Harriet Bookstore.

## III

The judgment rendered December 16, 1982, is therefore reversed insofar as it orders the Moss estate to be reimbursed for acquisition and other expenses incurred by Bernard Moss in connection with venture property prior to the death of Frank Bookstore; it is affirmed as to the order relating to the personal and travel expenses incurred by Bernard Moss; it is

---

**3.** *Mobbs v. City of Lehigh,* 655 P.2d 547 (Okla. 1982); *Haynes Bros. Drilling Co. v. Dungan,* 164 Okl. 268, 23 P.2d 631 (1933). The settled law of the case doctrine is that the resolution of an issue in an appellate opinion becomes the fixed law of the case and such issue may not be relitigated on remand.

affirmed as to the order specifying the equal sharing of expenses for maintenance, taxes, clearing titles, and sale of venture property incurred after the death of Frank Bookstore; and the partition order is affirmed.

The cause is remanded with directions to enter judgment in accordance with the foregoing conclusions; to require a further accounting which will comport with such judgment; and to make such further orders as may be necessary to make final disposition of this lawsuit.

DeMIER, P.J., and STUBBLEFIELD, J., concur.